WATSON, Judge.
Clarissa Kay Huddleston filed a rule for alimony pendente lite against Gerald Lynn Huddleston. The trial judge rendered judgment denying alimony to the plaintiff in rule, based on the fact that *2 the young bride is living with her parents who are supporting her. The issue on appeal is whether, under the circumstances, she is entitled to alimony payments from her husband.
On April 8, 1974, the plaintiff in rule and defendant in rule were. married. He was eighteen years of age at the time and she was sixteen years of age. A small apartment in the city of Natchitoches was rented initially by the young couple, followed by a move a week later into larger accommodations. Approximately three-and-a-half weeks later, on April 30, 1974, the bride abandoned the matrimonial domicile and went back home to live with her parents in the village of Montgomery. The husband then filed suit for separation from bed and board on the ground of abandonment and obtained a judgment by default when no answer was filed. The judgment of separation was signed on June 11, 1974. On July 1, 1974, the wife filed a rule for alimony pendente lite. Relief was denied on the original rule on the ground that the separation had been the fault of the wife. A new trial was granted after a showing that fault is irrelevant in an action for alimony pendente lite. At the new trial the trial judge made factual findings that the wife was not in need, since her parents were supporting her, and that the husband was unable to support his wife because of his limited income. The trial judge was impressed with the testimony of the wife that her parents were supporting her in a style equal to that in which her husband supported her during the three- and-a-half weeks that they were living together. Based on these findings, the trial judge rendered judgment against the wife, and this appeal followed.
The applicable Civil Code provision for alimony pendente lite is Art. 148, which reads as follows:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
In the case at bar the wife has no income at all. An exhibit in the record shows that she has modest monthly expenses, principally for food, clothing, transportation and school expenses. The testimony of the wife indicates that her needs are presently taken care of by her father.
The trial court erred in the legal conclusion that the husband is relieved of his obligation to support his wife because her father is doing so. The Code speaks of the wife not having “sufficient income”. This wife has no income at all; she survives only through the generosity of her parents.
A husband is required to support his wife, no matter how brief the honeymoon. He is relieved of his obligation to pay alimony pendente lite only by divorce. Thereafter, other factors such as fault come into effect. We note that it has been held that the husband’s obligation under Civil Code Article 160 to support his former wife after divorce is not primed by the obligation of the parent to support his child. Simon v. Simon, 127 So.2d 769 (La.App. 3rd Cir. 1961). It would follow, a for-tiori, that the obligation of the husband under Article 148 to support his wife to whom he is still married is not extinguished by the parents’ providing support.
By the exhibits in the record we have determined that the husband has an average weekly wage of $75, after deductions. Since the requirements of the wife, who is completing high school while residing with her parents, are minimal, we fix alimony pendente lite at $60.00 per month.
Payments are ordered to commence on July 11, 1974, the date of the first hearing *3 on this matter in the trial court, at which time the application for alimony was denied.
Therefore, the judgment of the trial court is reversed.
It is ordered, adjudged and decreed that there be judgment in favor of Clarissa Kay Huddleston and against Gerald Lynn Huddleston, ordering Gerald Lynn Hud-dleston to pay the sum of Sixty Dollars per month as alimony pendente lite to Clarissa Kay Huddleston, first payment due and payable on July 11, 1974, and payable on the 11th day of each month thereafter. Costs of these proceedings in the trial court and on appeal are taxed against Gerald Lynn Huddleston, as head and master of the community existing between him and Clarissa Kay Huddleston.
Reversed and rendered.
FRUGÉ, J., dissents with written reasons.