GUIDRY, Judge.
MOTION TO DISMISS APPEAL
The plaintiff-appellee, The Housing Authority of The City of Lake Charles, Louisiana, moves to dismiss the suspensive appeal of the defendant-appellant, Albert Minor, on the grounds that the appellant’s appeal was not timely perfected. The motion is opposed.
We deny the appellee’s motion to dismiss.
This action was brought by the plaintiff-appellee, The Housing Authority of The City of Lake Charles, to cancel a lease and evict the defendant-appellant from the leased premises. The case was tried on the merits in the Lake Charles City Court on June 16, 1977, and at the end of the trial the ad hoc judge announced that judgment would be rendered in favor of the plaintiff. However, a formal judgment was not signed and rendered until June 20, 1977. On June 21, 1977 the defendant-appellant moved for and was granted a suspensive appeal to the Fourteenth Judicial District Court. The defendant filed his appeal bond the same day.
On June 30, 1977, counsel for the plaintiff-appellee caused to be signed by the trial judge an ex parte order of eviction, which ordered the City Marshall to evict the defendant-appellant from the premises- on June 30, 1977. The defendant immediately moved for writs, and the trial judge voluntarily stayed his Order of eviction pending the outcome of the defendant’s application for writs to this court.
On July 8, 1977, this court granted the defendant’s application for writs, staying the Order of ejectment rendered by the trial court on June 30, 1977, until the issue could be determined by the Fourteenth Ju *271 dicial District Court. On July 28, 1977, the Fourteenth Judicial District Court signed an Order transferring the appeal, because of lack of jurisdiction, to this court.
On August 4, 1977, the plaintiff-appellee filed a Motion to Dismiss, arguing that the defendant-appellant did not timely perfect his suspensive appeal under LSA-C.C.P. Art. 4735, in that the defendant-appellant should have perfected his appeal within 24 hours from the time judgment was announced, and not 24 hours from the time judgment was rendered.
The relevant statutory provision is LSA-C.C.P. Art. 4735, which provides as follows:
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspen-sive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.”
The issue to be determined is what is meant by the phrase “rendition of the judgment of eviction.” Does it mean the appeal must be perfected from the oral announcement of the judgment, or from the formal signing of the judgment?
The First Circuit recognized this problem in Downey v. Bellue, 178 So.2d 778 (La.App. 1st Cir. 1965), but avoided coming to any conclusion on the ground that it was not necessary under the facts of that particular case. In London Properties, Inc. v. Topakoglu, 233 So.2d 259 (La.App. 3rd Cir.1970), this court did not discuss the problem, but apparently reached a conclusion that an appeal taken upon the signing of the formal judgment was timely.
In Herman v. Style Line Greetings, Inc., 289 So.2d 876 (La.App. 4th Cir. 1974), the court, citing LSA-C.C.P. Art. 4732, concluded that the failure of a trial court to immediately sign a judgment rendered any judgment later signed, out of the presence of counsel, null, and dismissed the appeal on the grounds that there was no valid judgment to appeal from. We respectfully disagree with this interpretation.
While we are aware of the decisions in Gribble v. Haas, 3 Peltiers Orl.App.Dec. 519, and Castagna v. Gonnet, 4 Peltiers Orl.App. Dec. 574, which have never been overruled, holding that the appeal must be taken from the rendition of oral judgment, we prefer to hold that an appeal suspending the execution of a judgment of eviction must be applied for and the appeal bond filed within twenty-four hours after the formal signing of the judgment of eviction. We conclude that LSA-C.C.P. Articles 1911 and 2083 must be read in pari materia with LSA-C. C.P. Art. 4735 and when so read the words “rendition of judgment” in Article 4735 must be taken to mean rendition of a final judgment which of course requires a written signed judgment.
It is ordered that the appellee’s motion to dismiss the suspensive appeal taken herein be and the same is hereby overruled and rejected and the instant appeal maintained.
MOTION TO DISMISS APPEAL DENIED.