365 So.2d 1173 (1978)
Clifton J. DUPRE, Plaintiff-Appellant,
v.
Sarah MAY, Defendant-Appellee.
No. 6765.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1978.
*1174 Pucheu & Pucheu, Jacque B. Pucheu, Eunice, for plaintiff-appellant.
Young & Burson, M. Terrance Hoychick, Eunice, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff appeals from a judgment ordering him to pay child support in the amount of $400 per month for Christopher Dale Dupre, age six, the only child of the now divorced parties. The sole issue presented is whether the trial judge abused his much discretion in making the child support award.
Under Civil Code Article 231, child support payments are fixed on the basis of the ability of the parent to pay and the child's needs. Appellant cites several cases attempting to show that most prior awards of this amount were assessed against "professionals," i. e., doctors, lawyers, dentists, etc. His claim is that children from those homes have a higher station in life and likewise, higher needs. We cannot agree with this proposition.
As appellant is aware, each case must stand on its own particular facts. The fact that plaintiff is an electrician does not prevent him from providing a high standard of living for his children. With an annual salary of approximately $25,300, Mr. Dupre is above the income of many labeled "professional". The title and status of one's vocation will not determine whether the award is proper. Our courts will look to the particular circumstances and facts of each particular case.
Appellant further suggests that the needs of the child do not justify such an award. The expense list of defendant apportions $595 per month as the base amount of support needed for support of Christopher Dale. This amount was reduced to approximately $527 because of a stipulation between the parties. Plaintiff would now have us further reduce the apportionment by finding it unreasonable.
The trial court is vested with considerable discretion in fixing child support payments. Such determinations will not be disturbed unless there appears to be an abuse of that discretion. Gravel v. Gravel, 331 So.2d 580 (La.App.3rd Cir. 1976). After having read the record, we find that the support award is within the limits of discretion allowed the trial judge.
For the reasons stated above, the judgment appealed from is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.