377 So.2d 537 (1979)
Bobby R. STRICKLAND, Plaintiff-Appellee,
v.
Patsy E. Wilson STRICKLAND, Defendant-Appellant.
No. 7205.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
*538 Fuhrer & Flournoy, George A. Flournoy, Alexandria, for defendant-appellant.
David A. Sheffield, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
In this domestic conflict Mrs. Patsy W. Strickland, the appellant, brought a rule to show cause for child support and custody of the two minor children of her marriage to appellee, Bobby R. Strickland. At the hearing the parties stipulated that custody of the son, Robert, age 7, would be granted to the father and custody of Patricia, age 4, would be granted to the mother. Thus, the only issue submitted to the court for determination on the rule was that of child support.
The trial judge ruled in favor of Mr. Strickland and Mrs. Strickland has appealed in forma pauperis. We affirm.
The sole issue presented in this appeal is whether the trial court abused its discretion in refusing to award Mrs. Strickland any support for her daughter.
Mr. Strickland is a staff sergeant who lives in base housing quarters at England Air Force Base in Alexandria, Louisiana. Such quarters are furnished free of charge. His pay voucher for January, 1979, reflects a monthly gross income of $699.90, being base pay of $693.60 and a clothing allowance of $6.30. However, he testified that since his return from Korea on January 24, 1979, he will receive an additional $80.00 for rations but his base pay will be reduced by $46.00 which he previously received for foreign duty and family separation. The trial court failed to deduct the $46.00, but found that after social security and income taxes were withheld and his living expenses were deducted Sgt. Strickland had only $221.50 left each month to pay $353.33 in fixed monthly payments on community obligations. Although the $200.00 item claimed for rent must be deleted and the amounts of two or three expenses which Mr. Strickland listed as necessaries are subject to question, there is substantial support in the record for the judge's conclusion that the monthly payments due by Mr. Strickland on the community debts and his necessary living expenses exceed his net income.
Mrs. Strickland is a licensed practical nurse who is employed at Rapides General Hospital in Alexandria, with a gross monthly income of $650.00. At present she and her daughter are residing at her parents' home. She has estimated expenses and deductions amounting to $891.00. Of that amount, she includes $226.00 for a trailer note, utilities and phone bills anticipated if she moves out of her parents' home. Further she claims $39.50 as hospitalization insurance for the children. This could be eliminated as such care is available at the Air Force base through Mr. Strickland. From our review of her estimated expenses it appears that while it unquestionably will be difficult Mrs. Strickland can support her daughter and herself on her present net income.
Louisiana Civil Code Article 227 imposes on parents a mutual obligation of support, maintenance, and education of their children. The degree of support is determined by the needs of the child, as well as the circumstances of those who are obligated to pay it. LSA-C.C. Articles 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4 Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973).
*539 Each case must be decided on its own facts and circumstances. Here, as in Graval both parents are gainfully employed and must discharge their obligations as apportioned by their respective abilities to support the needs of the child. The trial court found that Sgt. Strickland is unable to contribute to the support of his daughter by taking on the custody and support of his minor son, as well as the burdensome financial obligations he is obliged to pay on community debts incurred by him and Mrs. Strickland during their marriage.
In determining child support, the trial judge is vested with wide discretion. Only manifest abuse of that discretion will move the appellate court to disturb the award of the trial judge. Gravel v. Gravel, 331 So.2d 581 (La.App. 3 Cir. 1976); Dupre v. May, 365 So.2d 1173 (La.App. 3 Cir. 1978).
After carefully reviewing the record we are unable to find that there has been an abuse of discretion in this case.
It may be, as the trial court noted, that at some future date the circumstances of the parties will change as existing community obligations are extinguished by Mr. Strickland or the needs of his daughter become greater. At that time the court can reconsider the issue of child support. However, the evidence in the record as to the existing circumstances does not lend itself to such a determination.
For the above reasons, the judgment of the district court is affirmed at the cost of appellant.
Affirmed.