PRICE, Judge.
In this suit Benjamin Ledbetter sues his wife, Melissa Ledbetter, for a separation from bed and board. By her reconventional demand she likewise prays for a judgment of separation in her favor. This appeal by the wife is from a judgment on a rule nisi denying her request for alimony pendente lite. Because our review of the record discloses no abuse of the discretion accorded the trial court in such matters, this judgment is affirmed.
The parties were married February 23, 1980, in Bienville Parish, Louisiana. At the time of the marriage Benjamin was eighteen years old and Melissa was fifteen. Shortly after the marriage Benjamin obtained employment with a restaurant chain as a manager trainee which subsequently led to his appointment as manager of a restaurant in Alexandria, Louisiana. In this capacity he had a gross income of $900 per month. Melissa was unemployed during the time the couple lived together and remained so at time of trial.
In July 1980 the couple physically separated with Melissa returning to her parents’ home. Shortly after Benjamin filed this suit, on July 31, 1980, he was terminated from his employment. He returned to the home of his parents and enrolled at Northwestern State University where he was at the time of trial a full-time student majoring in accounting and health and physical education. Melissa was attending classes at a vocational-technical school for the purpose of obtaining her high school equivalency certificate.
After hearing the testimony of the parties the trial court denied the wife’s request for alimony pendente lite. This judgment was based on the fact that Benjamin had no means to pay (being fully supported by his parents) and the fact that Melissa’s needs were being cared for by her parents. The immaturity of the parties and the fact that they had both returned to the homes of their respective parents to further their education were additional considerations for the trial court’s decision.
The sole issue on this appeal by the wife is whether the trial court abused its discretion in denying the temporary alimony.
La.C.C. Art. 148, which provides for alimony pendente lite, was amended by Act 72 *1156 of 1979 to provide that either spouse could claim the alimony, not just the wife. This was a legislative response to the United States Supreme Court decision of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), wherein the Supreme Court declared unconstitutional a statute which restricted the award of alimony to women only. In addition to adapting Art. 148 to the gender-neutral requirements of the United States Constitution, the amendment also altered the article to provide that awards of alimony pendente lite to spouses with insufficient income for maintenance was to be a matter within the discretion of the trial judge. Art. 148 as amended reads:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse. (Emphasis added)
Before its amendment this article included the mandatory “shall” in place of the permissive “may.” See La.R.S. 1:3. This indicates a legislative intent that the trial court should not be constrained to order temporary alimony in all cases.
The wife contends that a husband cannot arbitrarily quit his employment in order to avoid his obligation of maintaining his wife in a standard of living comparable to that which she enjoyed before the separation.[1] To this contention we respond by noting that the record fails to support an allegation that Benjamin quit his job. His uncon-tradicted testimony was that he was discharged by his employer after becoming involved in the present litigation.
In the instant case the trial court concluded that although Melissa had no income, an award of alimony pendente lite would be inappropriate at the present time. This is a fair and practical result in a situation in which the parties, both teenagers, are unemployed students living with their parents.
We note that the parties lived together as husband and wife for only five months during which time they undoubtedly continued to receive much support and assistance from their parents. This is not a situation in which the spouses after many years of married life have assumed the marital roles of wage earner and homemaker customary to marriages of long duration. In such a situation where the homemaker is suddenly faced with the loss of all support from the wage earner spouse, alimony pendente lite could serve the function of preserving and continuing the status quo pending the outcome of a trial on the merits. See Arrendell v. Arrendell, 390 So.2d 927 (La.App.2d Cir. 1980).
Under the particular facts and circumstances of this case, we cannot say that the trial court’s denial of the wife’s request for alimony pendente lite was an abuse of discretion, and for this reason, the judgment appealed is affirmed.
Costs of this appeal are assessed to plaintiff-appellant.

. Although the traditional basis of this obligation, La.C.C. Art. 120, obliges the husband to furnish the wife with “whatever is required for the convenience of life,” the continued validity of this non-reciprocal obligation is at best dubious in view of the Orr decision. See comment at 40 La.L.Rev. 477 (1980).