401 So.2d 624 (1981)
Margaret Voitier GASPARD, Plaintiff-Appellant,
v.
Michael Wayne GASPARD, Defendant-Appellee.
No. 8286.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
*625 Robert C. Funderburk, Jr., Baton Rouge, for plaintiff-appellant.
Everett & Everett, Glennon P. Everett, Crowley, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
SWIFT, Judge.
The plaintiff and defendant were married in Acadia Parish, Louisiana, and established their matrimonial domicile there. They had a child, Michael Wayne Gaspard, II, who was born on January 8, 1979. On June 22, 1980, Mrs. Gaspard left the matrimonial domicile, allegedly because of the husband's fault. She then instituted suit for separation from bed and board and for alimony and child support pendente lite in the total amount of $400.00 per month.
On September 22, 1980, the trial judge granted plaintiff a separation and permanent custody of the child. Based on a stipulation of the parties, he also ordered the defendant to pay plaintiff $175.00 per month for the minor's support.
On October 3, 1980, Mrs. Gaspard gave birth to a second child, Jennifer June Gaspard. Mrs. Gaspard then petitioned for an increase in child support and for alimony in the total sum of $500.00 per month. After a hearing the trial judge increased the previous award to $210.00 per month as child support and alimony. The plaintiff has appealed this judgment.
The sole issue before us is whether the amount awarded by the trial court for child support and alimony pendente lite should be increased; that is, did the trial judge abuse the discretion vested in him by increasing the award to only $210.00 per month?
Louisiana Civil Code Article 148 provides:
"If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse."
Thus, in making an award for alimony pendente lite the court must consider the needs of the spouse seeking alimony and also the other spouse's means. Shepard v. Shepard, 334 So.2d 745 (La.App. 3 Cir. 1976). By analogy, the jurisprudence treats child support similarly to temporary support for the necessitous spouse. Frazier v. Frazier, 347 So.2d 73 (La.App. 2 Cir. 1977). The need for alimony must be proved and the amount awarded should be in proportion to the need and means and fair and just to each party. Levine v. Levine, 373 So.2d 1380 (La.App. 4 Cir. 1979).
The evidence in this case reflects that the husband's take-home pay is $1,000.00 per month. However, he said his monthly expenses amounted to $1,134.00. Be that as it may, all of the items listed appear to be valid and reasonable. They include his living expenses, payments for family hospitalization *626 insurance and other medical and dental expenses of the children, payments on a debt for the medical expenses incurred during the birth of the first child and payments on other debts incurred during the existence of the marriage. The husband testified that many of his creditors are allowing him to pay the minimum monthly amounts necessary to prevent their instituting suit.
The wife is unemployed. Her only income besides the previous award is $141.34 which she receives through her husband's social security for the benefit of their son, who suffers from Downs Syndrome. She resides in her family's guest house and it appears that they furnish much of her support. However, she testified that her monthly expenditures total $855.00.
Based upon the needs of the claimant spouse and the means of the other spouse, we are unable to say that the trial judge abused his discretion by increasing the child support and alimony pendente lite to only $210.00 per month. Therefore, we must affirm. Gravel v. Gravel, 331 So.2d 580 (La.App. 3 Cir. 1976).
We are mindful that ordinarily the obligation of a spouse to support the other necessitous spouse following a decree of separation from bed and board is not extinguished by the latter's parents providing support. Huddleston v. Huddleston, 316 So.2d 1 (La.App. 3 Cir. 1975). However, in this case it is clear that the defendant is unable to pay any more than he already is paying. He is maintaining gainful employment, but his income is exhausted by his own reasonable living costs, providing medical care for the children and the payment of community debts.
For the foregoing reasons, the judgment of the district court which increased the amount of alimony pendente lite and child support to $210.00 per month is affirmed at appellant's costs.
AFFIRMED.