413 So.2d 285 (1982)
Cheryl Rachal MORRIS, Plaintiff-in-RuleAppellee,
v.
Jimmie D. MORRIS, Defendant-in-RuleAppellant.
No. 8672.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*286 Michael W. Shannon, Alexandria, for defendant-in-rule-appellant.
Martin Laird, III, Alexandria, for plaintiff-in-rule-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
FORET, Judge.
Cheryl Rachal Morris (Plaintiff) brought a rule seeking the custody, care and control of the two minor children born of her marriage to defendant, Jimmie Dan Morris, Sr., and an award for alimony pendente lite and child support. By stipulation of the parties, plaintiff was awarded custody of the children.
The trial court, after hearing plaintiff's rule and taking the matter under advisement, rendered judgment in favor of plaintiff and against defendant, condemning defendant to pay plaintiff $650.00 per month in alimony pendente lite and child support. We affirm.
Defendant appeals devolutively from the trial court's judgment and raises the following issues:
(1) Whether the trial court abused its discretion in awarding plaintiff $650.00 per month in alimony pendente lite and child support; and
(2) Whether plaintiff is entitled to alimony pendente lite, if no impediment exists to her being employed.

FACTS
Plaintiff and defendant were married on August 14, 1965, at England Air Force Base in Rapides Parish. Subsequently, two children were born of this marriage: Jimmie Dan Morris, Jr. (Jimmie, Jr.), age 12; and Andrew Lewis Morris (Andrew), age 10. Plaintiff was pregnant with the couple's third child at the time of the hearing, and the expected delivery date was on or about September 1, 1981. Plaintiff instituted an action for separation on May 5, 1981, on the ground that defendant had abandoned the matrimonial domicile, and brought this rule for custody, child support, and alimony pendente lite incidental to that action.

ALIMONY PENDENTE LITE AND CHILD SUPPORT
The trial court simply awarded the lump sum of $650.00 per month to plaintiff for alimony pendente lite and child support, and we will consider the award in the same manner.
As to child support, the evidence shows that Andrew suffers from a learning disability, which has been characterized by many names, but is most commonly known as "hyperactivity". He must regularly take the psycho-stimulant, Ritalin, which is an accepted form of treatment for this disorder. In addition, he must have complete physical examinations approximately once every three months to determine the effects of the drug on his body, and whether it is necessary to continue with that form of treatment. He attends special education classes and must be tutored during the summer months at his parents' expense.
Plaintiff testified that she is caring for Jimmie, Jr. and Andrew, and that they are growing like normal, healthy boys, requiring fairly substantial expenditures for food, clothing, education, and transportation to and from the different activities they participate in such as boy scouts, baseball, etc. Plaintiff introduced in evidence an estimate of her total monthly expenses for both her and the children which amounted to $969.00.
As to alimony pendente lite for plaintiff, defendant argues that plaintiff can and should be forced to find employment to support herself. Defendant cites the recent case of Smith v. Smith, 382 So.2d 972 (La. App. 1 Cir. 1980), in support of his contention. Smith found LSA-C.C. Article 148 to be unconstitutional as it discriminated on the basis of sex, and held on page 974:

*287 "We find that the change in social circumstances, which has compelled the finding of unconstitutionality of Article 148, also compels a different result in the award of alimony pendente lite under Article 119, as interpreted herein. In a case such as this, in which no impediment exists to the employment of the wife, she should not be entitled to alimony pendente lite unless it is made to appear that she is unable to find employment with which to support herself. Of course, each case of this nature must be decided on its own facts."
LSA-C.C. Article 148 was amended by Acts 1979, # 72, § 1, effective June 29, 1979, and now provides:
"Art. 148. Alimony pendente lite
Art. 148. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse." (Emphasis provided.)
Based on the amendment to LSA-C.C. Article 148 and the decision of the United States Supreme Court in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), in which it found unconstitutional a provision of Alabama law, similar to LSA-C.C. Article 148 (prior to its amendment), we agree with the holding of the court in Smith.
However, we find that at the time of the hearing an impediment did exist to the employment of plaintiff, i.e., she was pregnant with an expected delivery date some three to four months thereafter. We further find that because of this impediment, and her needs at the time of the hearing, plaintiff was entitled to an award for alimony pendente lite under the provisions of LSA-C.C. Article 148, as amended.[1]
Defendant contends that the trial court failed to consider his ability to pay an award for child support and alimony pendente lite in rendering judgment against him ordering him to pay plaintiff $650.00 per month for those two items. The evidence shows that defendant's net income amounts to $1028.00 per month, and he introduced in evidence a list of his monthly expenses which totaled $771.50. He argues that the trial court's judgment, which leaves him only $378.00 per month to meet his living expenses, is excessive and constitutes an abuse of discretion on the part of that court.
The record shows that the trial court was fully aware of the extremely difficult judgment it was being called upon to make. There was plaintiff preparing to give birth to the couple's third child and having the care, custody and control of the other two. Because of her condition, she was unable to find employment to contribute to the support, maintenance, and education of the children, and was in necessitous circumstances herself. Then, there was defendant, who needed to be allowed enough income to support himself, while at the same time having to perform his obligation to support plaintiff and the children.
In determining child support, the trial judge is vested with wide discretion. Only manifest abuse of that discretion will move an appellate court to disturb an award of the trial judge. Strickland v. Strickland, 377 So.2d 537 (La.App. 3 Cir. 1979); Gravel v. Gravel, 331 So.2d 580 (La. App. 3 Cir. 1976); Dupre v. May, 365 So.2d 1173 (La.App. 3 Cir. 1978). Similarly, in making an award of alimony pendente lite, the trial judge is vested with the same wide discretion. Ledbetter v. Ledbetter, 398 So.2d 1155 (La.App. 2 Cir. 1981); Ryan v. Ryan, 401 So.2d 514 (La.App. 2 Cir. 1981); Gaspard v. Gaspard, 401 So.2d 624 (La.App. 3 Cir. 1981).
We are unable to conclude that the trial court's award to plaintiff of $650.00 *288 per month for child support and alimony pendente lite constitutes a clear abuse of discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] Our affirmance of the trial court's judgment does not preclude the plaintiff-husband from re-opening this case in the future to determine the wife's ability to support herself and contribute to the support of the children.