MOTION TO DISMISS
GUIDRY, Judge.
The defendant-appellee, W. C. Lamb, moves to dismiss the suspensive appeal of the plaintiff-appellant, Helen H. Lamb, on the grounds that the appellant’s appeal was not timely taken under LSA-C.C.P. 4735. We dismiss the suspensive appeal.
The facts succinctly stated are as follows:
Helen H. Lamb, plaintiff-appellant, filed a rule against W. C. Lamb, defendant-ap-pellee, for alimony pendente lite. A rule was filed by W. C. Lamb against Helen Lamb for eviction arid for an accounting of the movables on certain described premises. Presumably, the rules were consolidated for hearing and heard on February 16, 1982. Part of the judgment disposing of the rule filed by W. C. Lamb ordered Helen Lamb evicted from the premises described in the judgment. It is this portion of the judgment from which Helen Lamb suspensively appealed. Judgment was signed in this matter on April 8, 1982 and notice of judgment was mailed on April 12, 1982. Plaintiff-appellant’s suspensive appeal was perfected on May 3, 1982. Applicable here is LSA-C.C.P. art. 4735 as follows:
Art. 4735. Appeal; bond
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.
Source: Former R.S. 13:4924; cf. Comments following.
It is clear from a reading of the above article that plaintiff’s suspensive appeal was not timely perfected, as it was not filed within 24 hours after the rendition of judgment of eviction. The suspensive appeal of plaintiff-appellant is therefore dismissed, and plaintiff’s appeal ordered maintained as devolutive.
SUSPENSIVE APPEAL DISMISSED.