GRISBAUM, Judge.
This is an appeal by defendant Sherman Ulysses Robles contesting the award of child support in a case involving a petition for divorce, child custody, and child support. The trial court granted a divorce and the custody of the two minor children to plaintiff, Jo Ann Rearick Robles, and ordered defendant, Sherman Ulysses Robles, to pay $200 per week for support and maintenance of his two minor children. The sole issue is whether the trial court abused its discretion in making this support award. We affirm.
In Louisiana, a parent has an obligation to support, maintain, and educate his or her children. See, La.C.C. art. 227. Child support payments are determined by the needs of the child and the ability of the parent to pay. La.C.G. art. 231.
Defendant claims the alimony payment of $200 per week for his two children is excessive and beyond his capacity to pay. We disagree. Defendant Robles is an iron worker, a union member at the level of a journeyman. He is presently paid a union wage of $Í4.02 per hour. Defendant, therefore, has the potential of grossing $560 per week for a 40-hour week which would be approximately $2240 per month. His monthly expenses total $1136 per month; however, by his testimony, defendant worked only infrequently and submitted that his 1981 earned income was only $9483.63. The trial court held defendant was “capable” of making without overtime $2400 per month but recognized that he did not actually make that much. After taking into account defendant’s expenses, the court found that defendant should pay $200 per week for the maintenance and support of his two children. Because the trial court is vested with considerable discretion in fixing child support payments, its determination will not be disturbed unless there appears to be an abuse of discretion. Strickland v. Strickland, 377 So.2d 537, 538, 539 (La.App. 3d Cir.1979); Dupre v. May, 365 So.2d 1173, 1174 (La.App. 3d Cir.1978); Gravel v. Gravel, 331 So.2d 580, 583 (La.App. 3d Cir.1976). We find no such abuse.
For the above reasons, the judgment of the district court is affirmed at the cost of the appellant.
AFFIRMED.
PER CURIAM.
The appellant, in application for rehearing, suggests we did not consider certain contempt proceedings.
This court is fully aware of and did consider in toto the supplemental brief which was filed and after due consideration found that the contempt proceedings in the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson was not part of the appeal which was perfected in this case.
Accordingly, the application for rehearing is denied.