427 So.2d 899 (1983)
Helen H. LAMB, Plaintiff-Appellant,
v.
W.C. LAMB, Defendant-Appellee.
No. 82-274.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Rehearing Denied March 22, 1983.
J. Michael Artigue, Lafayette, for plaintiff-appellant.
Warren Olson and Warren D. Rush, Lafayette, for defendant-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
CUTRER, Judge.
This appeal concerns the adequacy of the wife's alimony pendente lite award and her eviction from the family residence.
Helen Lamb filed a rule for alimony pendente lite against her husband, W.C. Lamb.
*900 A rule was also filed by W.C. Lamb seeking the eviction of his wife from the family residence.
After hearing on both rules, the trial court rendered judgment awarding Helen $3,500.00 alimony pendente lite retroactive to February 11, 1981, subject to credit of $25,000.00. She was also given the use of a Rolls Royce. The trial court also rendered judgment in the eviction rule ordering Helen to vacate the family residence within thirty days. The wife appealed the judgments rendered in both rules. We affirm.
The issues on appeal are:
(1) Adequacy of award of the alimony pendente lite; and
(2) Whether the trial court erred in ordering the wife to vacate the family residence.

ADEQUACY OF AWARD
It is well settled that the purpose of alimony under LSA-C.C. art. 148 is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance and to preserve the status quo insofar as maintenance and support are concerned. Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir.1980). In making an award of alimony pendente lite the trial court considers the need of the spouse seeking alimony and the means of the paying spouse. The need for alimony must be proven, the award should be in proportion to the need and means and fair and just to each party. Gaspard v. Gaspard, 401 So.2d 624 (La.App. 3rd Cir.1981). In determining alimony pendente lite the trial judge is vested with the same wide discretion as in determining child support. Only manifest abuse of this discretion will move this appellate court to disturb an award of the trial court. Morris v. Morris, 413 So.2d 285 (La.App. 3rd Cir. 1982). With these principles in mind we examine the facts in this record.

FACTS
W.C. and Helen Lamb were married on May 29, 1971. No children were born of this marriage.
During their marriage the parties enjoyed a high standard of living. The record reflects that the Lambs were world travelers. They stayed in the best hotels and shopped at exclusive stores during their frequent trips. Their home life was similarly luxurious. The matrimonial domicile was described by Mrs. Lamb as having fourteen to sixteen rooms and a swimming pool. Mrs. Lamb drove a Rolls Royce automobile.
At least one year prior to their physical separation the Lambs stopped their extensive traveling. A trip to the Middle East and at least one ski trip were cancelled according to Mrs. Lamb's testimony. Mr. Lamb testified that his income from his various business interests had diminished and it was necessary that they economize. The cancellation of the trips was part of an attempt to economize. Mr. Lamb further stated that he had informed his wife that their standard of living would have to be lowered. The wife's continued excessive spending was a factor in causing their separation.
Plaintiff and defendant physically separated in either late December 1980 or early January 1981. They have not lived together since that time. After the separation plaintiff continued living in the matrimonial domicile. During this separation defendant had paid plaintiff $1,000.00 per month less some deductions for purchases made by her on certain accounts in defendant's name.
Defendant had extensive business interests in several states. He testified that his assets amounted to several million dollars. His current liabilities amounted to approximately one and one-half million dollars. There is no contention that he is unable to pay the alimony awarded. The only question we have to decide in this regard is whether the award of $3,500.00 per month to plaintiff was adequate.
In connection with plaintiff's testimony, an affidavit was introduced into evidence reflecting an estimate of her monthly expenses *901 totaling $17,044.00.[1] She contends that this is the sum needed to keep her in the same life-style she had during the marriage. According to her testimony, she may have been spending this amount of money at one point in the marriage. Defendant testified that he had to curtail his wife's expensive appetite when he had some financial setbacks. Approximately a year before they separated their extensive and expensive traveling had to be curtailed. He also had to limit some of his wife's spending for items that he felt were unnecessary.
The trial court did not render reasons for judgment but he apparently accepted the testimony of defendant in setting plaintiff's alimony pendente lite at $3,500.00 per month plus the continued use of the Rolls Royce. In considering the lifestyle in proceedings of this nature, the court considers the lifestyle of the couple at the time of the hearing and not at some previous time. The trial court awarded plaintiff an amount which can provide her with all the basic needs of her life and many of the luxuries to which she was accustomed. We find no error in the trial court's conclusion.

EVICTION FROM THE HOME
The trial court rendered judgment ordering plaintiff to vacate the family residence within thirty days of the service of the judgment and also appointed an attorney to conduct an inventory and accounting of all the movables located on the premises. Counsel for plaintiff contends that the trial court abused its discretion in ordering the eviction.
LSA-R.S. 9:308 was added to the revised statutes by Act 592 of 1981, which reads as follows:

"After the filing of a petition for separation or divorce or in conjunction therewith, either spouse may petition for, and a court may award to one of the spouses, use and occupancy of the family residence pending the partition of the community property. In such cases, the court shall inquire into the relative economic status of the spouses and the needs of children, if any, and shall award the use and occupancy of the family residence to the spouse in accordance with the best interest of the family. The court shall consider the granting of the occupancy of the family home in awarding alimony or child support." (Emphasis added.)
This article requires the trial court judge to consider the granting of occupancy of the residence in awarding alimony. The statute gives the trial court wide discretion in deciding the need of a spouse in granting occupancy.
In this case, it is undisputed that this home contained fourteen to sixteen rooms. This included six bedrooms. It was furnished with expensive furniture. The record is unclear but apparently plaintiff had continued to reside in the family home after the separation while the defendant had acquired an apartment.
Plaintiff admitted on cross examination that a large portion of the furniture had been removed from the home pending separation proceedings. She was very evasive about where the furniture could be located. The removal of the furniture shows that she doesn't have a need for this large home. Also, since there were no children born of this marriage, the trial court did not have *902 the interest of children to consider in deciding the occupancy question. The generous award for alimony includes sufficient funds for plaintiff to find suitable housing. We find no abuse of discretion by the trial court in refusing occupancy in this instance.
We also note that the suspensive appeal by plaintiff from the judgment of eviction was dismissed as not being timely filed. Under these circumstances, the judgment of eviction has become executory and the matter can now be considered as moot.
The eviction judgment of the trial court will be affirmed.
For the reasons assigned the judgment of the trial court is affirmed with costs being assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] Statement of plaintiff's expenses:

(1) Shelter (Ducharme Lane) $ 2,000.00
(2) Household maintenance and utilities 856.00
(3) Medicines 20.00
(4) Medical 470.00
(5) Optometrist 25.00
(6) Dentist 20.00
(7) Newspapers 20.00
(8) Books and magazines 45.00
(9) Food and meat 600.00
(10) Milk 20.00
(11) Bedding (sheets, pillowcases, etc.) 50.00
(12) Personal care 1,000.00
(13) Clothing and shoes 2,000.00
(14) Country Club, Health Club 200.00
(15) Hobbies (Art supplies, needlework
 supplies, etc.) 200.00
(16) Gifts (Birthday, Christmas, etc.) 300.00
(17) Maid 328.00
(18) Jewelry 2,000.00
(19) Travel and entertainment 4,500.00
(20) Insurance (Home, Life, Medical) 150.00
(21) Car expenses:
 (a) Rental/Lease/Insurance (Rolls
 Royce) 1,800.00
 (b) Operating expenses and maintenance
 of Rolls Royce 440.00
 __________
 $17,044.00