FORET, Judge.
Mary Richardson Pickens (plaintiff) brought an action for separation from bed and board against her husband, Joseph Al-jay Pickens (defendant). In addition, plaintiff filed a rule for custody, alimony pen-dente lite, child support, and use of the family home.
After hearing plaintiff’s rule, the trial court rendered judgment in her favor, awarding her custody of Sonja Pickens (the only child born of the parties’ marriage), the use of the family home during the pend-ency of these proceedings, and $500 per month for alimony pendente lité and child support. The trial court also ordered defendant to provide plaintiff with living accommodations for herself and her children[1].
Defendant appeals from this judgment and raises the issue of whether the trial court abused its discretion in awarding plaintiff $500 per month for alimony pen-dente lite and child support, and in ordering him to provide plaintiff and her children with living accommodations.
FACTS
The evidence shows that defendant had a gross income of $37,719 in 1981. In addition, defendant testified that he had four or five certificates of deposit in the amount of $10,000 each, which he simply rolls over as they become due. He estimated his total monthly expenses to be $2,905.74, a figure which the evidence shows to be grossly overstated.
Plaintiff estimated her average monthly income from a part-time job to be $200 per month. She estimated her total monthly expenses to be $1,669.74, a figure which the evidence also shows to be grossly overstated, as it includes a monthly expenditure of $769.74 for payment of the mortgage note on the parties’ home[2].
TRIAL COURT’S DISCRETION
In determining child support, the trial judge is vested with wide discretion. Only manifest abuse of that discretion will move an appellate court to disturb an award of the trial judge. Strickland v. Strickland, 377 So.2d 537 (La.App. 3 Cir.1979); Gravel v. Gravel, 331 So.2d 580 (La. App. 3 Cir.1976); Dupre v. May, 365 So.2d 1173 (La.App. 3 Cir.1978). Similarly, in making an award of alimony pendente lite, the trial judge is vested with the same wide discretion. Gaspard v. Gaspard, 401 So.2d 624 (La.App. 3 Cir.1981); Ryan v. Ryan, 401 So.2d 514 (La.App. 2 Cir.1981); Ledbetter v. Ledbetter, 398 So.2d 1155 (La.App. 2 Cir. 1981).
A review of the respective incomes and expenses of the parties, in light of the statutory authority (See LSA-C.C. Article 148) and the judicial interpretation thereof, *45 does not establish that there has been any abuse of discretion by the trial court in awarding plaintiff $500 per month for child support and alimony pendente lite, and in ordering defendant to provide living accommodations for plaintiff and her children.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.

. Plaintiff had four children from a previous marriage living with her and defendant, and defendant had one child from a previous marriage who was also living with them.

. This figure should not be included in plaintiffs estimated monthly expenses since the trial court’s judgment orders the defendant to provide living accommodations for plaintiff and her children. Obviously, this means that defendant must pay the mortgage note as plaintiff was given the use of the family home during the pendency of these proceedings.