DOMENGEAUX, Judge.
On July 26, 1982, the defendants were arrested and charged by bill of information with battery on a police officer, a violation of La.R.S. 14:34.2, and resisting arrest, a violation of La.R.S. 14:108. The defendants appeared before the district court on May 25,1983 and waived their right to trial by jury. Trial was had on May 25-26, 1983 and defendants each were found guilty of one count of battery of a police officer and one count of resisting arrest. The defendants waived delays for sentencing and were sentenced as follows: Each defendant, on the charge of battery of a police officer, to pay a fine of $100.00 plus court costs and to serve a term of fifteen (15) days in the parish jail without benefit of suspension of sentence; and on the charge of resisting arrest, to pay a fine of $100.00 plus court costs and to serve six (6) months in the parish jail, suspended upon good behavior.
The court then delayed execution of the sentences to allow defendants time to prepare their appeals.
Defendants Helyn Lamb and Cezanne Ingram appeal their conviction alleging sixteen (16) assignments of error. However, as only one assignment of error has been briefed, the other fifteen are considered abandoned and will therefore not be addressed.[1]
FACTS
This case'arises largely as a result of a long and complicated divorce proceeding between defendant Lamb and her former husband, W.C. Lamb.
On July 26, 1982, pursuant to a district court judgment ordering Mrs. Lamb to vacate the premises, and the Court of Appeal ruling dismissing the appeal of that order (attached thereto), Judge Brunson of the Fifteenth Judicial District Court issued a Warrant of Eviction against Helyn Lamb, based on a motion filed by Mr. Lamb’s attorney.
Deputy sheriffs of the Lafayette Parish Sheriff’s Department went to the address on Ducharme Street in Lafayette where Helyn Lamb was residing, to serve her this warrant. Mrs. Lamb refused to allow the deputies to enter the home even though the three had identified themselves as deputy sheriffs and stated the purpose for which they had come to the residence. This went on for approximately two hours. Meanwhile, defendant Ingram appeared on the scene. After apprising herself of the situa *553 tion and reading the warrant, she advised her mother to continue to refuse entry into the residence.
At the request of defendant Lamb, Lafayette Parish Sheriff Carlo Listi was called to the scene and entered the residence to speak to Mrs. Lamb. Mrs. Lamb allowed Sheriff Listi into the house because they were personally acquainted. After about a 40 minute discussion with Mrs. Lamb, the Sheriff departed from the residence and devised the following plan with his deputies.
The Sheriff planned to knock at the door, announce himself to Mrs. Lamb, and hopefully get her to open the door to once again let him inside. Once the door was opened, he along with the deputies, would then force their way into the residence and therein serve Mrs. Lamb with the warrant. The Sheriff then knocked at the door. As Mrs. Lamb slowly opened the door, the Sheriff and two deputies forced their way into the residence. Mrs. Lamb began fighting and kicking one of the deputies. Ms. Ingram joined in the fray and kicked one of the deputies between the legs. The officers told Mrs. Lamb and Ms. Ingram they were under arrest but the two kept fighting and kicking the officers. The officers finally handcuffed Mrs. Lamb and placed her in the patrol car. The two were later charged with battery on a police officer and resisting arrest.
Both defendants were found guilty of the offenses charged. The defendants appeal their convictions alleging sixteen assignments of error, one of which is briefed for the court. The only issue which defendants argue on appeal is whether or not lawful grounds existed to arrest the defendants.
ASSIGNMENT OF ERROR:
The defendants argue through this assignment that the trial court erred in convicting the defendants as they were merely exercising their right to resist an unlawful arrest by the use of reasonable force. Louisiana recognizes the right of its citizens to resist an unlawful arrest so long as the force used is reasonable.
“The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and, in preventing such illegal restraint of his liberty, he may use such-force as may be necessary.”
City of Monroe v. Ducas, 203 La. 971, 14 So.2d 781 (1943).
See also Wainwright v. City of New Orleans, 392 U.S. 598, 88 S.Ct. 2243, 20 L.Ed.2d 1322 (1968); Fagot v. Ciravola, 445 F.Supp. 342 (E.D.La.1978); State v. Freeman, 411 So.2d 1068 (La.1982); White v. Morris, 345 So.2d 461 (La.1977); City of New Orleans v. Lyons, 342 So.2d 196 (La. 1977).
However, from a review of the record there is no indication that the arrest of the defendants was unlawful. On the contrary, the record demonstrates that the deputies complied strictly with the law. In order to have a complete understanding of the events that led to the defendants’ arrest, it is necessary to trace the procedural history of defendant Lamb’s divorce proceedings.
On February 16, 1982, in a hearing before District Judge Byron Hebert, the court awarded Helyn Lamb $3,500.00 a month as alimony pendente lite. The court also ordered that Helyn Lamb vacate the residence in question within thirty days of this judgment. The judgment was signed on April 8, 1982. On May 3, 1982, Helyn Lamb filed a suspensive appeal of that judgment with the Third Circuit Court of Appeal. On July 16, 1982, this Circuit held that the suspensive appeal was not timely filed as required by La.C.C.P. Article 4735. The Court dismissed the suspensive appeal and ordered the appeal maintained as de-volutive. Lamb v. Lamb, 418 So.2d 688 (La.App. 3rd Cir.1982), (rehearing denied, September 8, 1982).[2]
*554 On July 26, 1982, District Judge Brunson issued a Warrant of Eviction based on a motion filed by Mr. Lamb’s attorney; it relied on the order of Judge Hebert and the opinion of the Third Circuit Court of Appeal upholding that order which was attached to it. On the same day, three deputies went to the Ducharme Street residence to serve the Warrant of Eviction. Defendant Lamb refused to admit the deputies into her residence although she had been made aware of their identity as deputy sheriffs and their purpose for coming to the house.
It is first noted that Judge Hebert’s order requiring the defendant to vacate the residence within thirty days of the judgment was entirely correct. Lamb v. Lamb, 427 So.2d at 901-902. Secondly, the appellate order changing the nature of the appeal only allowed defendant to take a suspensive appeal of the district court decision by filing within 24 hours of rendition of this Court’s judgment, i.e., April 8, 1982.
“The words ‘rendition of the judgment of eviction’ within this section pertain to the formal signing of judgment rather than to the oral announcement of judgment. Housing Authority of City of Lake Charles v. Minor, 355 So.2d 270 (La.App. 3rd Cir.1977). La.C.C.P. Article 4735. See also, Lamb v. Lamb, 418 So.2d 688 (La.App. 3rd Cir.1982).”
The defendant, failed to perfect a sus-pensive appeal of Judge Hebert’s judgment; therefore she had thirty days from April 8, 1982 to vacate the residence in accordance with the trial court’s order. The fact that the Court of Appeal had not yet ruled on defendant Lamb’s devolutive appeal did not permit the defendant to ignore Judge Hebert’s order evicting her from the residence.
“An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction.” La.C.C.P. Article 4735.
See also, City of Lake Charles v. Minor, supra.
Thus, the Warrant of Eviction issued by Judge Brunson on July 26, 1982, ordering the sheriff or one of his deputies to “remove Helyn H. Lamb” from the residence in question and “deliver possession to W.C. Lamb” was entirely valid.
“If the lessee or occupant does not comply with the judgment of eviction, within twenty-four hours after its rendition, the court shall issue immediately a warrant directed to and commanding its sheriff, constable, or marshal to deliver possession of the premises to the lessor or owner.” La.C.C.P. Article 4733.
It is therefore clear that the warrant which the deputies were attempting to serve on defendant Lamb was a valid warrant issued pursuant to law. Moreover, the deputies acted within the law when they entered the Ducharme Street residence.
“The sheriff ... shall execute a warrant rendered under Article 4733 in the presence of two witnesses ... If the sheriff ... finds the windows, doors, or gates of the premises locked or barred, he shall break open any of these when necessary to effect convenient entry into the premises.” La.C.C.P. Article 4734.
The three deputies who went to the house tried to peaceably serve the warrant. The testimony indicates that deputies spent over three hours trying to convince Mrs. Lamb to simply let them give her the warrant. The deputies showed the warrant to defendant Ingram and explained that they had come to deliver the warrant to Mrs. Lamb. Even the Sheriff of Lafayette Parish, Carlo Listi, who personally came to the house, intervened and talked with her at length about the situation. Still the defendant made her intentions to refuse service of the warrant quite clear. At this point, the sheriff’s deputies were left with no choice but to forcefully enter the residence. The sheriff devised a plan of entry *555 which he hoped would avoid any injuries. Apparently he did not anticipate any type of resistance; nevertheless, the officers were attacked by defendants Lamb and Ingram. Thus, the deputies were acting completely within the law when they forcibly entered.
The defendants make no serious contention that the State failed to prove that they in fact committed the batteries. The evidence clearly indicates that the State proved every element of the crimes charged. Defendants had no right to forcibly resist the deputies’ performance of their lawful duties. The record also indicates that the State proved the charges of resisting arrest once the defendants had been arrested for the battery of police officers. The defendants make no argument that the court erred in finding that they did in fact continue to resist officers after both had been placed under arrest for battery on police officers.
Defendants’ assignment of error is without merit.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. Assignments of Error which are not briefed arc considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).

. The court later ruled that the trial court's order requiring Helyn Lamb to vacate this residence was entirely proper and that the trial *554 judge had not abused his discretion. Lamb v. Lamb, 427 So.2d 899 (La.App. 3rd Cir.1983).