PLOTKIN, Judge.
Cedrick Paul Jones appeals a trial court judgment awarding his wife Adrianne An-ear Jones $1,017.76 per month in support for three children, plus $400 per month in alimony pendente lite. We amend the judgment and affirm as amended.
On appeal, Mr. Jones makes three general arguments: (1) that the trial court improperly calculated his monthly income because it failed to consider evidence of recent income reductions, (2) that the trial court improperly failed to consider Mrs. Jones’ ability to work in setting the awards, and (3) that the child support award set by the trial judge exceeded the legislative guidelines established in LSA-R.S. 9:315.14.

Calculation of Mr. Jones’ income

Mr. Jones testified that he is employed by Freeport-McMoRan and that he had been working as a derrickman at the Grand Isle. Mine at the time of the hearing. Although he admitted that his gross income totalled $38,000 in 1988, $45,000 in 1989, and $49,000 in 1990, he claimed that his “base pay” was and always had been $36,-000. Additionally, Mr. Jones said, he had no guarantee that he would receive any additional pay in the future because the mine where he had been working was being closed at the time of the hearing. He presented the stubs from his last four pay checks to show that his income had been steadily decreasing.
The trial court based the child support award on income of $3,410.45 per month. The reasons for judgment reveal that the trial court calculated that figure by taking Mr. Jones’ actual income for January 1 through September 22, 1991, then averaging the income shown on Mr. Jones’ last four pay stubs to reach a projected income for 1991 of $3,742.98 per month. The trial judge then further considered the reduction in income by averaging the last four pay stubs, to reach an average monthly income of $3,077.92. He then “averaged those two monthly figures ... to arrive at a figure *241 which the court feels indicates the reduction in income which Cedrick has been experiencing, but still recognizes the fact that he certainly has consistently earned in the mid-forties for the past three years.”
Thus, we find no merit in Mr. Jones’ claims that the trial court failed to consider recent reductions in his income. The record reveals that the trial judge did consider the income reductions when he calculated Mr. Jones’ average monthly income.
The jurisprudence on this issue recognizes the impossibility of calculating child support by a mathematical formula, and provides that facts and circumstances of each individual case should be taken into consideration in fixing the amount awarded. Scheffler v. Scheffler, 453 So.2d 960 (La.App. 5th Cir.1984). Additionally, LSA-R.S. 9:315.2 lists the necessary documentation the spouses must present to establish their income for child support purposes. One of the things required is a copy of the party’s most recent federal income tax return. The trial court obviously considered all the evidence presented by Mr. Jones on the issue, including the pay stubs representing his four most recent pay periods, and was apparently unconvinced that Mr. Jones’ income was permanently lower than it had been during the previous years.
Thus, Mr. Jones’ arguments that the trial court based the judgment on a “fictitious income” are without merit. The method used by the trial court to calculate the monthly income was fair under the circumstances. We find no manifest error in the trial court’s decision to calculate the child support award on $3,410.45 income per month.

Mrs. Jones’ ability to work

Mr. Jones claims that the trial court erred by failing to consider his wife’s ability to work in setting both the child support and the alimony pendente lite awards.
Consideration of an unemployed parent’s ability to work in setting a child support award is governed by LSA-R.S. 9:315.2(B), which states as follows: “If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in LSA-R.S. 9:315.-9.” (Emphasis added.) LSA-R.S. 9:315.9 requires spouses who are voluntarily unemployed or underemployed to pay their proportionate share of child support, based on the spouse’s “income earning potential.”
In calculating the child support obligation in the instant case, the trial court considered only Mr. Jones’ income. In his reasons for judgment, the trial court addresses his failure to consider Mrs. Jones’ income earning potential, noting that she married at 15, has no high school diploma, has never held a job, and has no special training. He also noted that she was going to night school working on a GED at the time of the trial.
Mrs. Jones testified at trial only that she wanted to go to night school. However, she also stated that she had applied for various jobs, but had been unable to secure employment. Her testimony is the only evidence on this issue. Therefore, the record contains no evidence that Mrs. Jones’ unemployment is voluntary. The revised statutes pertinent to consideration of an unemployed spouse’s earning potential apply only when the unemployment is voluntary. Therefore, the trial court properly failed to consider Mrs. Jones income earning potential in setting the child support award.
Calculation of alimony pendente lite is governed by La.C.C. art. Ill, which provides as follows:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Although the jurisprudence interpreting this article has established that when “no impediment” prevents a wife from working, she “shall not be entitled to alimony pendente unless it is made to appear that she is unable to find employment with which to support herself.” Morris v. Morris, 413 So.2d 285, 287 (La.App. 3d Cir. 1982), quoting Smith v. Smith, 382 So.2d *242 972 (La.App. 1st Cir.1980). As stated previously, the only evidence in this case indicates that Mrs. Jones has been unable to find employment to support herself. Thus, the trial court did not err in granting her alimony pendente lite.

Amount of child support award

The child support guidelines established by LSA-R.S. 9:315.14 set the child support amount for a person making $3,400 at $994 per month; the trial court's award in this case was $1,017.76, some $23.76 more than the amount indicated by the charts. LSA-R.S. 9:315.1 provides that the guidelines establish a rebuttable presumption that the amount indicated is the correct amount of child support. See Subsection (A). Subsection (B) gives a trial court discretion to deviate from the guidelines, but requires that the court give oral or written reasons for the deviation. The trial judge in this case failed to give any reasons for the deviation. Thus, the trial court judgment must be amended to reduce the child support award to $994 per month, the amount sanctioned by the guidelines.

Conclusion

Accordingly, the trial court judgment is amended to reduce the child support award to $996. In all other respects, the trial court judgment is affirmed.
AMENDED; AS AMENDED, AFFIRMED.