NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1510


BARBARA EWALT

VERSUS

KEVIN WAYNE EWALT


\*\*\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-2318
HONORABLE TODD CLEMONS, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


JIMMIE C. PETERS
JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.


**AFFIRMED.**

**Michael R. Garber**
**Attorney at Law**
**1801 Ryan Street**
**Lake Charles, LA 70601**
**(337) 494-5500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Barbara Ewalt**

**William J. Cutrera**
**Attorney at Law**
**910 Ford Street**
**Lake Charles, LA 70601**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kevin Wayne Ewalt**

PETERS, J.

Barbara Ewalt (Barbara) appeals the trial court's judgment awarding her estranged husband, Kevin Wayne Ewalt (Kevin), the exclusive use and occupancy of the family residence pending a partition of the community property. For the following reasons, we affirm the trial court judgment in all respects.

## DISCUSSION OF THE RECORD

Barbara and Kevin were married on October 16, 1998, and separated in March of 2008. Both Barbara and Kevin have grown children, but no children were born of their marriage. When the parties initially separated, Barbara remained in the family home in Moss Bluff, Louisiana, and Kevin began living in a twenty-foot travel trailer, which he parked behind his employer's business. One of the issues in the divorce proceedings that followed was the use and occupancy of the family home. This issue came for hearing before the trial court on August 26, 2008.

Kevin testified that the travel trailer belonged to his son, and, although it was hooked to electricity and water services, it had no sewage hookup and the air conditioner did not work. In fact, Kevin used the bathroom and shower facilities located in his employer's adjacent shop. Kevin testified that three of his children lived nearby, but none had room for him.

Kevin earned an annual income between $40,000.00 and $45,000.00, and, when he and Barbara first separated, he agreed to pay the $923.52 monthly mortgage note on the family home. In exchange, he asserted, Barbara agreed to make payments on the $28,000.00 home equity line of credit. Kevin introduced evidence reflecting his payment of the mortgage note from May through August of 2008, and testified that in July of 2008, he had paid $140.00 on the line of credit that Barbara had agreed to pay.

Barbara testified that, as a nurse, she earned between $55,000.00 and $58,000.00 per year and that she spent $1,500.00 to $1,600.00 per month for household expenses and payment of preexisting community debts, including the home equity line of credit. She asserted that after Kevin moved out, she made repairs to the family home costing between $6,000.00 and $7,000.00. She also testified that she too had made a mortgage payment for July of 2008 and was willing and able to pay the monthly mortgage note if awarded the use and occupancy of the family home.

When asked about Kevin's suggestion that she could move in with her daughter Jackie, Barbara testified that Jackie lived in a small three-bedroom house with her son and a co-worker, and, therefore, there were no extra bedrooms for her to occupy. Barbara also testified that because she gave piano lessons on the grand piano located in the family home, having to move would be a physical and financial inconvenience.

After completion of the evidence, the trial court awarded Kevin the exclusive use and occupancy of the matrimonial residence. In announcing its decision, the trial court noted that it was influenced by the fact that Kevin was living in a small trailer with no sewage, by the difference in Barbara and Kevin's incomes, and by the fact that Kevin had been paying the mortgage note.

In her single assignment of error, Barbara asserts that "[t]he trial court abused its discretion in awarding Kevin Ewalt use of the family home."

**OPINION**

Louisiana Revised Statutes 9:374(B) governs the use of a community-owned residence pending the partition of community property:

> When the family residence is community property or the spouses own community movables or immovables, after or in conjunction with the filing of a petition for divorce or for separation of property in accordance with Civil Code Article 2374, either spouse may petition for,

2

and a court may award to one of the spouses, after a contradictory hearing, the use and occupancy of the family residence and use of community movables or immovables to either of the spouses pending further order of the court. In these cases, the court shall inquire into the relative economic status of the spouses, including both community and separate property, and the needs of the children, if any, and shall award the use and occupancy of the family residence and the use of any community movables or immovables to the spouse in accordance with the best interest of the family. If applicable, the court shall consider the granting of the occupancy of the family home and the use of community movables or immovables in awarding spousal support.

This statute gives the trial court wide discretion in deciding to which spouse it will award the use and occupancy of the family residence. *Lamb v. Lamb*, 427 So.2d 899 (La.App. 3 Cir. 1983). Here, the trial court properly considered the parties' incomes and the fact that Kevin was living in a small travel trailer. After reviewing the record, we find that the trial court did not abuse its discretion in granting Kevin the exclusive use and occupancy of the family residence.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment awarding Kevin Wayne Ewalt the exclusive use and occupancy of the family residence. We assess all costs of this appeal to Barbara Ewalt.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.