LUTHER E. HALL, Judge pro tern.
The appellant, Willis G. Wilmot, prosecutes this devolutive appeal from a judgment of the Civil District Court for the Parish of Orleans rendered on a rule filed by him against his divorced wife, Rachel Buntin Wilmot, in which he sought a reduction by $212.50 per month of the alimony theretofore payable to Mrs. Wilmot as legal custodian of the two minor children of the marriage, on the ground that one of the children, Jane, was about to become of age, and payment of all alimony alloca-ble to her should therefore be discontinued.
The District Judge rendered judgment on this rule on May 20, 1960, in the following words:
“It is ordered that said rule be made absolute and accordingly, that the alimony payments by Willis G. Wilmot, to Rachel Buntin Wilmot, be reduced from $825.00 per month to $725.00 per month beginning October 1, 1960.”
Appellant contends that this judgment is erroneous in that there has never been an award of $825.00 per month alimony for the support of Mrs. Wilmot; that the alimony fixed by judgment of court in the divorce proceedings was in the sum of $400.00 per month for Mrs. Wilmot’s support, and $425.00 per month for the support of the two children of the marriage, Carolyn and Jane, and that one-half (or $212.50 per month) of the alimony payable for the support of the two children should be eliminated upon Jane’s becoming of age. Appellant further contends that judgment appealed from reduces the aggregate amount of alimony which he was paying for the support of his wife and the two children by only $100.00 per month and has the effect of increasing the amount of alimony payable to the wife alone without any rule for an increase having been filed by her.
The record before us is deficient to the point where we would have been unable to pass upon this appeal except for a written stipulation between the parties filed in this court after the hearing of argument.
The record does not contain a copy of the judgment fixing the alimony. By reference, however, to the opinion of the Supreme Court in Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, it appears that the parties *808 were divorced by judgment of the Civil District Court for the Parish of Orleans on June 11, 1948, Mrs. Wilmot being awarded the custody of the two minor children of the marriage, Carolyn and Jane. This judgment, according to the opinion of the Supreme Court, condemned Mr. Wilmot to pay to his divorced wife alimony at the rate of $425.00 per month for the support of the two children and at the rate of $400.00 per month for her own support.
The record, however, does not contain a copy of a subsequent judgment in the divorce proceedings which, without disturbing the legal custody of the children, placed one of the children, Carolyn, temporarily with her father in New Orleans. This judgment, dated October 14, 1958, contains the following language:
“The Court is further of the opinion that while Carolyn is with her father all of her expenses, of whatsoever nature and kind, should be borne by him. Presently Mr. Wilmot is paying $825.00 per month alimony of which $425.00 is for the two children, Jane and Carolyn, and $400.00 for Mrs. Wilmot. Jane is now attending Wellesley College and the costs and expenses in connection therewith are being paid by Mr. Wil-mot. This he shall continue to do; but in the meantime he should pay to Mrs. Wilmot the full amount of the $825.00.”
It is plain therefore, that although Mr. Wilmot was paying a total of $825.00 a month to Mrs. Wilmot, $425.00 thereof was for the support of the two children, and in using the language “but in the meantime he should pay to Mrs. Wilmot the full amount of the $S25.00” the Court was merely emphasizing the fact that Mr. Wilmot was expected to pay for Jane’s schooling and for Carolyn’s upkeep while in New Orleans in addition to the amount of alimony fixed in the divorce judgment as being payable to Mrs. Wilmot for their support.
The record before us contains no testimony whatever. However, the stipulation to which we have heretofore alluded states “that it was admitted on the trial of the petition which is involved in this appeal that Jane Berry Wilmot became twenty-one years of age on May 22, 1960, and that at the time of trial of the rule rhe was married * * * It is further stipulated that no testimony was taken in the matter now before this Honorable Court * * * as it was tried solely upon the question of whether the allowance to the child which was being paid to Mrs. Wilmot should be reduced because she was twenty-one and married”.
Counsel for both parties, in argument and in their briefs, have discussed various matters de hors the record filed in this Court. We are informed that the condition of the record before us is due to the fact that apparently there was no formal trial of the rule, the District Judge having heard the parties and considered all of these matters in a day long pretrial conference and no formal record thereof was made. We cannot consider these matters since we are bound by the record before us.
The legal basis for an award of alimony for the support of children following divorce of their parents is found in Article 227, LSA-C.C. (See Wilmot v. Wilmot, supra.) This article applies to minor children only. Tolley v. Karcher et al., 196 La. 685, 200 So. 4. The alimony is perforce payable to their legal custodian for their account. Although the father’s obligation to maintain his children, if in need, subsists throughout life, a child after reaching majority must sue for it in his own name under the provisions of Article 229, LSA-C.C.
It is clear that Mrs. Wilmot is no longer entitled to receive alimony for Jane’s support since Jane is not only emancipated by marriage but has reached the full age of majority. Jane is no longer in Mrs. Wil-mot’s custody. Should she in the future by some misfortune require support from her father she must sue for it and collect it in her own name.
*809 The alimony heretofore payable to Mrs. Wilmot for Jane’s support should be terminated.
In this case the judgment which fixed the alimony at “$425.00 per month for the two children” is in our opinion the legal equivalent of “$212.50 per month for each of the two children” there being no shozving that the tzoo children were or should be treated differently. We hold therefore that the alimony payable for Jane’s support should be eliminated by reducing by one-half (or $212.50 per month) the alimony heretofore fixed for the support of the two children. We further hold that the reduction should be made as of the date of the judgment rendered in the District Court. There is nothing contained in the record before us which justifies the District Judge’s decree reducing the alimony payable to Mrs. Wilmot by only $100.-00 per month or postponing the effectiveness of the reduction until October 1, 1960.
It is shown by the stipulation filed in this Court that on July 14, 1961, subsequent to the trial of the rule presently under consideration, “a judgment was entered by the (District Judge) in favor of Mrs. Rachel Buntin Wilmot increasing the alimony from $725.00 per month to $850.00 per month. The said rule to increase alimony was filed in May of 1961. It is further stipulated that no appeal was taken from this judgment”.
The judgment of July 14, 1961, is now final and cannot be considered by us here for any purpose.
For the foregoing reasons the judgment appealed from is set aside and it is now ■ordered adjudged and decreed that the alimony heretofore payable by Willis G. Wil-mot under prior judgment of Court in these proceedings for the support and maintenance of his daughter, Jane Berry Wilmot, be and the same is hereby cancelled and terminated as of May 20, 1960, said termination to be effected by reducing by $212.50 per month the alimony of $425.00 per month heretofore fixed and made payable by Willis G. Wilmot to Mrs. Rachel Buntin Wilmot for the support of his two children, said reduction to be effective as of May 20, 1960.
Judgment set aside and rendered.