347 So.2d 73 (1977)
Zona Marie Anderson FRAZIER, Plaintiff-Appellant,
v.
Morrell Paige FRAZIER, Defendant-Appellee.
No. 13257.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
*74 Donald R. Miller, Shreveport, for plaintiff-appellant.
Wiener, Weiss & Madison by John M. Madison, Jr., Shreveport, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
MARVIN, Judge.
The wife petitioned for a separation and for rules for temporary injunction, child custody, child support and alimony. By agreement between the litigants and counsel, the court entered a verbal order granting certain interlocutory relief to the wife when her rules were called for hearing on September 2.[1] This verbal order was not reduced to judgment.
After trial on the merits, the court below rejected the wife's demands in a judgment on November 12, from which the wife later appealed. Before the appeal of the November 12 judgment, the wife filed a rule for temporary alimony and child support and tendered for signing by the lower court, a written judgment which was alleged to be in accord with the verbal order of September 2 granting interlocutory relief.
The lower court declined to sign the tendered judgment and sustained the husband's peremptory exception of no cause of action to the rule of the wife for temporary alimony and child support.
We affirm the rejection of the wife's demands on the merits by the judgment of November 12, but reverse the lower court's sustaining of the exception of no cause of action to the wife's rules for temporary alimony and child support during the pendency of the proceeding because the judgment on the merits is not yet final. For a determination of the temporary alimony and child support, if any, to which the wife and child may have been entitled until the date the judgment of November 12 becomes final, we remand to the lower court.[2]

THE MERITS
The wife's demands for separation were founded upon the husband's alleged cruel treatment and habitual intemperance which caused her to move from the family home. Whether one spouse legally proves grounds for separation is a question of fact arising from credibility issues where testimony is conflicting. Our review of the record does not convince us that the lower court erred in rejecting the wife's demands.

TEMPORARY SUPPORT
C.C. Art. 148 is mandatory in its declaration that the trial judge shall allow the wife a sum for her support pending the suit for separation. For the purposes of C.C. Art. 148, the suit for separation is pending until such time as the judgment *75 dispositive of the merits of the particular cause of action becomes final. C.C.P. Arts. 1841, 1842. See also Moseley v. Moseley, 216 So.2d 852 (La.App.2d Cir. 1968); Cousin v. Cousin, 327 So.2d 138 (La.App. 4th Cir. 1976). The legal basis for temporary child support pending the separation suit is analogous and is treated similarly to the temporary support for the wife. See C.C. Arts. 146, 148, 227; Wilmot v. Wilmot, 136 So.2d 806 (La.App. 4th Cir. 1962).
This is not to say that a trial court is compelled to order in all circumstances, temporary support by the husband pending the suit for separation. C.C. Art. 148 clearly sets forth the general circumstances under which this support shall be granted:
"If the wife has not a sufficient income for her maintenance pending suit . . the [trial] judge shall allow . . . a sum for her support, proportioned to her needs and the means of her husband." Emphasis supplied.
Cases interpreting this article in particular circumstances are many.
It is apparent here that the lower court's refusal of temporary support pending the suit was not based on a finding that the wife had sufficient income for the maintenance of herself and her child, but was based on the fact that a different district judge rendered the verbal order of September 2 and the latter district judge considered the verbal order inconsistent with his judgment on the merits.
The wife has not been allowed to show the circumstances which may have entitled her to support for herself and her child pending the suit for separation, the judgment in which, even though here affirmed, is not yet final. The case is remanded for that limited purpose, in which proceedings the husband shall be entitled to present evidence in mitigation or dissolution of his obligation of support.
Costs of this appeal are assessed one-half to each litigant. Judgment on the merits of November 12, 1976, is affirmed. The sustaining of the husband's exception of no cause of action to the wife's rule for temporary support is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
NOTES
[1] The verbal order of September 2 occurred as follows:

Wife's Attorney: "Your honor . . . there has been an agreement as to support. . . that Mrs. Frazier will continue to draw the salary from Frazier Foods, Inc. that she has been drawing . . . and this is to be without prejudice to permanent or temporary child support or alimony which will be fixed at a future date. The temporary injunctions will issue as prayed for . . . and custody of the child to be awarded to Mrs. Frazier."
Husband's Attorney: "That is fine with us."
The Court: "All right, sir, that will be order of the Court."
[2] The record indicates that the family corporation (Frazier Foods, Inc.) continued to pay the wife the salary agreed to on September 2 until November 12, the date the judgment was signed rejecting the wife's demands.