349 So.2d 1008 (1977)
Linda Gayle WEEKS, Plaintiff-Appellee,
v.
Tollie Melvin WEEKS, Defendant-Appellant.
No. 13299.
Court of Appeal of Louisiana, Second Circuit.
August 29, 1977.
Rehearing Denied September 26, 1977.
*1009 Cameron C. Minard, Columbia, for defendant-appellant.
McKeithen, Burns & Lewellyan by Paul Wilkins, Columbia, for plaintiff-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied September 26, 1977.
MARVIN, Judge.
From a judgment making past due support awards executory and holding him in contempt, the husband appeals. We amend and affirm.
The wife first brought suit for separation and the husband later reconvened for a divorce on the grounds of adultery. Judgment was signed in October, 1976, on the wife's pendente lite rule for support for herself and a minor child. New counsel employed by the husband filed a rule in November, 1976, to have the pendente lite awards set aside. At the trial of the merits of the demands of each party, the lower court ordered that the pendente lite awards would remain effective.
On January 6, 1977, the wife cited the husband for contempt and to have past due pendente lite support made executory. Also on January 6, 1977, the lower court rendered its decision on the merits and granted the husband a divorce and custody of the minor child of the marriage. Judgment on the merits, signed January 20, 1977, expressly terminated the pendente lite support awards as of January 6, 1977.
At a hearing on January 27, 1977, of the citation for contempt and to make past due support executory, the lower court found the husband in contempt and made executory past due support in the amount of $886.56. On the husband's appeal of this judgment, the wife answered, seeking damages and attorney's fees for frivolous appeal, and legal interest from the dates the past due support became due.
The husband contends the motion to rescind the pendente lite support awards, filed by his new attorney in November, 1976, effectively suspended his obligation to comply with the pendente lite judgment. The law is otherwise. This type judgment is not suspended even by appeal. C.C.P. Art. 3943. The husband's complaints regarding jurisdiction of the district court to render the October 1976 pendente lite judgment are also without merit. La.C.C. Art. 152; Hickman v. Hickman, 218 So.2d 48 (La.App. 3d Cir. 1969). On a motion for contempt and to make past due support awards executory, it is not a defense for the husband-judgment debtor to assert error of the lower court in its original granting of the awards. The husband's obligation to pay pendente lite support continues while the merits of the case are being determined. Frazier v. Frazier, 347 So.2d 73 (La.App. 2d Cir. 1977). The husband has other remedies to modify or rescind such awards.
Here, the husband has not shown payment, legal excuse for nonpayment, or absolute or relative nullity of the pendente lite judgment. Civil contempt proceedings *1010 are governed by C.C.P. Arts. 221-227 and R.S. 13:4611. The husband was fined $250 and was sentenced to 30 days in jail, suspended upon his paying the past due amount ($886) within 15 days from the date that the executory judgment becomes final. In view of the husband's blatant refusal to comply with the court order (I didn't pay because I thought it "wasn't right"), we find no abuse of discretion. Wall v. Wall, 230 So.2d 420 (La.App. 1st Cir. 1969).
Miller v. Miller, 321 So.2d 318 (La. 1975) held that legal interest should be awarded from the date each support installment became due. The wife prayed for interest from date of judicial demand. The monthly support award totaled $350. Our computation produces a different figure from that reached below.

October 21-31, 1976 10 days (10/31) $112.90
November, December, 1976 700.00
January 1-6, 1977 5 days (5/31) 56.45
 _______
TOTAL------------------- $869.35

Since we shall amend the judgment to correct the error in calculation, we shall exercise our authority to award interest on each past due support payment from the date it became due rather than from judicial demand. C.C.P. Arts. 2164, 862.
The wife acknowledges our recent holding that attorney's fees are not allowed in these circumstances. Stanfield v. Stanfield, 342 So.2d 1195 (La.App. 2d Cir. 1977). We also deny damages for frivolous appeal.
The judgment below is amended to $869.35, with legal interest on the monthly support award to be computed on the respective amounts which became due on October 31, November 30, December 31, 1976, and January 6, 1977. It is otherwise affirmed.
At appellant's cost, AMENDED AND AFFIRMED.