415 So.2d 234 (1982)
Nancy Van Hoose MATHEWS, Plaintiff-Appellee,
v.
Michael L. MATHEWS, Defendant-Appellant.
No. 14823.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
*235 Walker, Feazel & Tooke by Catherine M. Estopinal, Shreveport, for defendant-appellant.
Evans, Feist, Auer & Thompson, A Professional Law Corp. by George H. Mills, Jr., Shreveport, for plaintiff-appellee.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
The principal question posed by this appeal is whether the trial judge was correct in holding that the parties had not agreed to a reduction in child support payments after one of the children reached the age of majority.
By judgment dated June 8, 1977, defendant Mathews was ordered to pay to his former wife $245 per month for the support *236 of their two minor children. On June 22, 1981 the former wife filed a rule against Mathews seeking to make executory past due child support payments allegedly owed under that judgment. After a hearing on the rule[1], the trial judge rendered judgment in favor of plaintiff and against Mathews for past due child support in the amount of $2485 and fixed plaintiff's attorney fee award at $100.
Mathews appealed, arguing that he owed no more than $1165 in past due child support, because of an alleged agreement between him and his former wife to reduce child support payments by one-half when their daughter became 18 years of age in August 1980.
Plaintiff answered the appeal, asking (1) that the district court judgment be amended to award interest on the past due child support from date of judicial demand[2]; (2) for an increase in the attorney fee award, both for legal services rendered in the trial court and on appeal; and (3) for damages for frivolous appeal.
For the reasons hereinafter assigned, we amend the trial court judgment to allow interest on each past due child support payment from due date until paid and to increase the attorney fee award for legal services rendered on appeal and, as amended, affirm.
Amount of Past Due Child Support
A parent may not unilaterally reduce child support payments by a proportionate amount because one of his children reaches the age of majority. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977). Further, where a parent is awarded child support during a child's minority, that parent is the proper party to sue for past due child support under the judgment even though the child has reached the age of majority. Halcomb, supra.
On the other hand, it is now settled that a spouse may agree to suspend his right to compel the parent without custody to turn over to him in advance money necessary for the child's maintenance provided "the parties clearly agree to a suspension of the payments, and such agreement does not interrupt the child's maintenance or upbringing or otherwise work to his detriment." Dubroc v. Dubroc, 388 So.2d 377 (La.1980). Also see Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir. 1981).
The first issue to be resolved here is whether the parties clearly agreed to a reduction in child support payments. Mathews testified that he and plaintiff verbally agreed during a conversation at Kelly's Truck Stop in Caddo Parish in August, 1980 to reduce his child support payments by one-half because their daughter had just become 18 years of age. Plaintiff admitted that she and her former husband engaged in conversations concerning possible reduction of child support because their daughter had reached the age of majority, but testified that she expressed an unwillingness to make such an agreement until defendant caught up on his delinquent child support payments. Be that as it may, it is undisputed that plaintiff subsequently refused to sign a written agreement, providing for the reduction, submitted to her by defendant.
In oral reasons for judgment, the trial judge concluded that defendant had not proved the agreement "although there were probably discussions about it." Based upon our review of the record, we are unable to say that the trial judge was clearly wrong in this ruling. Therefore, the judgment is affirmed insofar as it fixes the amount of past due child support.
Interest on Past Due Child Support
"The court shall award interest in the judgment as prayed for or as provided by law." La.C.C.P. Art. 1921.
Under our law, legal interest is due on each past due installment of child support from due date until paid. Miller v. Miller, 321 So.2d 318 (La.1975); Weeks v. Weeks, 349 So.2d 1008 (La.App. 2d Cir. 1977).
*237 Mathews argues that plaintiff is not entitled to interest on the past due child support because she did not pray for this in her rule nor was this item brought up at the trial.
La.C.C.P. Art. 862 provides in part:
"... a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
There is no question but that plaintiff is entitled to legal interest on each past due child support payment from due date, even though not specifically prayed for. We accordingly amend the lower court judgment to so provide.
Attorney Fee Award
The attorney fee award of $100 to plaintiff for legal services rendered in the trial court is obviously on the low side. However, since the trial judge was apparently convinced that Mathews' impecunious condition even prevented his securing legal representation, we cannot say that the award constituted an abuse of the trial judge's discretion under La.R.S. 9:305.
Taking into consideration pertinent factors in the record and noting that Mathews' financial condition has apparently improved to some extent since he has retained legal counsel for representation on appeal, we fix the attorney fee award to plaintiff for legal services on appeal at the sum of $200, and amend the judgment accordingly.
Claim for Damages for Frivolous Appeal
Damages for frivolous appeal, as requested by appellee, are awarded under La.C.C.P. Art. 2164 only when it clearly appears that the appeal was taken solely for the purpose of delay or that counsel for the appellant does not seriously believe in his legal position. Goad v. May, 376 So.2d 340 (La.App. 3rd Cir. 1979); Frank & Co., Inc. v. Devillier's Foodliner, Inc., 365 So.2d 501 (La.App. 4th Cir. 1978). Since we are not convinced that this appeal falls into either of those categories, we reject the demand for damages for frivolous appeal.
Decree
For the reasons explained, we amend the judgment of the district court to award plaintiff legal interest on each past due child support installment from due date until paid and to increase the attorney fee award to $300. As amended, the judgment is affirmed, at appellant's cost.
NOTES
[1] Claiming indigency, Mathews represented himself at the trial of the rule, but is represented by legal counsel on appeal.
[2] The district court judgment omits any reference to legal interest on the past due child support award.