SEXTON, Judge.
In this rule for past due child support, plaintiff-appellant, Delwin Patrice R. Hewitt, appeals the trial court judgment dismissing her demands for past due child support and a court ordered payroll deduction of defendant’s paycheck pursuant to LSA-R.S. 46:236.3. We reverse and remand.
On August 6, 1984, plaintiff filed suit for separation against the defendant alleging various acts by the defendant sufficient to constitute his legal fault. Among other relief requested in the petition, plaintiff sought an award of child support in the amount of $500 a month. On October 18, 1984 the trial court rendered judgment condemning defendant to pay plaintiff $250 per month child support for two children, effective August 6, 1984. Written judgment to this effect was signed on November 29, 1984.
Defendant failed to comply with this child support obligation and on November 9, 1984, plaintiff filed a rule for contempt and to make past due child support exec-utory. Subsequently, on November 27, 1984, defendant asserted a reconventional demand against the plaintiff for a divorce on the grounds of adultery.
On November 29, 1984, plaintiff’s rule to make past due child support executory and her suit for separation were tried together.* The trial judge rejected plaintiff’s main demand for separation, but awarded plaintiff $757.50 for past due child support. A written judgment was signed to this effect accompanied by a written opinion on December 4, 1984. This judgment did not contain any reference as to whether plaintiff’s child support award would continue to remain in effect. However, the written opinion dealt with the continuation of child support in the following manner:
Since the judgment dismissing plaintiff’s demands for a separation from bed and board has not become final, the delays for appeal not having elapsed; and, defendant’s reconventional demand for divorce remains pending in this court, the judgment granting plaintiff, Delwin Patrice Robinson Hewitt, child support during the pendency of this suit remains in full force and effect and she is entitled to further judgment rendering the child *1072 support payments in arrears executory and enforceable. [Citations omitted]
On February 8, 1985, plaintiff filed the rule at issue here against the defendant asserting that the defendant had failed to pay monthly child support since the previous accrual reflected in the judgment of December 4, 1984. She also sought a payroll deduction for future child support and for previously accrued support pursuant to LSA-R.S. 46:236.3. Additionally, she sought attorney’s fees and a contempt citation against the defendant.
On May 1, 1985, the trial judge, who had succeeded the judge who rendered the judgment of December 4, 1984, ruled that the child support obligation imposed upon defendant by the judgment signed in this matter on November 29, 1984 was terminated by the judgment rendered on December 4, 1984 which denied plaintiffs claim for a separation. The trial judge thus denied plaintiffs claim for any past due child support since December 4, 1984 and, in addition, denied plaintiffs claim for a payroll deduction and attorney’s fees, and dismissed the contempt citation against the defendant. From this judgment, plaintiff appeals.
On appeal, plaintiff contends the trial court erred in erroneously interpreting the judgment of December 4, 1984 as terminating plaintiff’s earlier award of child support. This appeal raises the single issue of whether the December 4, 1984 judgment denying plaintiff’s demand for a separation terminated the November 29, 1984 child support decree awarded to the plaintiff.
Appellant argues the previously noted language in the December 4, 1984 judgment dealing with child support indicates that the trial judge intended for the child support award to remain in effect while defendant’s reconventional demand for divorce was still pending. Defendant contends, however, that the opinion of the trial judge only attempted to state the jurisprudential rule that the child support award would continue only until the delays for appealing the December 4 judgment had elapsed and the judgment had become final. Defendant asserts that since the plaintiff did not appeal this judgment, once that judgment became final, defendant’s obligation of child support was terminated.
While we believe the plaintiff's interpretation of the written opinion of December 4, 1984 is the more valid, it is unnecessary to determine the intent of those remarks. Child support was not an issue on that occasion. Thus, these remarks are entirely gratuitous.
LSA-C.C. Art. 148 provides for support pending a suit for separation or divorce. For purposes of LSA-C.C. Art. 148, a suit for separation or divorce is pending until such time as a judgment dispositive of the rights of the parties in an action becomes final. LSA-C.C.P. Arts. 1841, 1842, Frazier v. Frazier, 347 So.2d 73 (La.App. 2d Cir.1977); Hines v. Hines, 419 So.2d 971 (La.App. 3d Cir.1982), writ denied 420 So.2d 980 (La.1982). The legal basis for temporary child support pending the suit for separation or divorce is analogous to and is treated similarly to an award of temporary support for a necessitous spouse. LSA-C.C. Arts. 146, 148, 227, Frazier, supra.
A judgment for alimony pendente lite previously rendered by rule is not terminated simply because a subsequent judgment rendering the separation fails to mention that alimony. Lee v. Lee, 437 So.2d 938 (La.App. 2d Cir.1983), writ denied 440 So.2d 761 (La.1983). Thus, child support is likewise not terminated by the silence of a separation judgment as to child support when the matter is still pending. Indeed, a previous award of child support is not terminated by a divorce decree which fails to mention the child support. Lewis v. Lewis, 404 So.2d 1230 (La.1981).
The proceedings were not terminated by the judgment of December 4, 1984. Defendant’s reconventional demand for divorce was still pending. Important legal issues affecting the parties’ substantive rights remained to be resolved. Defendant’s obligation to pay child support continued while the reconventional demand for *1073 divorce was pending. Therefore, we find that the judgment of December 4, 1984 denying plaintiffs claim for a separation did not terminate the defendant’s child support obligation previously imposed by the judgment of rendered October 18, 1984 and signed on November 29, 1984.
However, because the trial court is in a better position to assess whether attorney’s fees should be imposed and to determine whether the defendant should be held in contempt for failure to pay child support, we have determined to remand the entire case for the determination of these issues as well as for a determination of the extent of child support to be made exec-utory and whether a payroll deduction is appropriate pursuant to LSA-R.S. 46:236.3. The judgment of the trial court appealed herein is reversed and the case is remanded to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.

 Defendant’s reconventional demand for a divorce was not considered because no answer to the demand had been filed in the record by the plaintiff at that time.