489 So.2d 321 (1986)
Anne Roberts OWENS
v.
Robert G. OWENS, III.
No. CA-4824.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*322 Dorothy F. Waldrup, Tobias, Leblanc, Thompson & Waldrup, New Orleans, for appellant.
Steven J. Lane, Herman, Herman, Katz & Cotlar, New Orleans, for appellee.
Before BARRY, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Robert Owens, (appellant) and Anne Owens, (appellee) were divorced on April 4, 1983 in Orleans Parish. In the judgment of divorce, Robert Owens was ordered to pay permanent alimony to his former wife in the amount of $350.00 per month and child support to his three minor children totalling $1,175.00 per month. Additionally he was ordered to keep hospitalization insurance in effect for the children and to pay for all dental expenses. He was also ordered to pay private school tuition for the children.
On July 31, 1984 appellant filed the instant rule seeking to eliminate alimony and reduce child support. Subsequently appellee filed a rule seeking to make executory all past due amounts of alimony, increase alimony, increase child support, collect attorney fees and hold her former husband in contempt.
After trial on the rule the court (1) denied an increase in alimony and child support; (2) denied a decrease in child support; (3) eliminated alimony; (4) ordered Mr. Owens to pay necessary fees for private schooling; (5) ordered Mr. Owens to maintain hospitalization for the minor children; (6) made arrearages in the amount of $5,536.00 executory; (7) dismissed the motion for contempt; (8) denied the request for attorney fees.
Mr. Owens appeals from that portion of the judgment which failed to terminate the alimony retroactively to the filing of his rule, orders him to pay private school tuition and fails to reduce the amount of child support.
Appellant argues that the trial court was in error by not retroactively terminating his alimony obligation to the date the rule was filed, July 31, 1984. The judgment was rendered July 5, 1985. We are satisfied that it is within the trial court's discretion to determine whether alimony reduction or termination is to be retroactive. Vinson v. Vinson, 292 So.2d 763 (La.App. 4th Cir.1974). Although, La.R.S. 9:310 A provides that "[a]n order for ... alimony shall be retroactive to the filing date ...," paragraph (C) of that statute also allows the court discretion in fixing a date when it "... finds good cause for not making the award retroactive...."
In Graval v. Graval, 355 So.2d 1057 (La. App. 4th Cir.1978), relied on by appellant, this Court affirmed a retroactive elimination of alimony. However the facts of that case justified the result since the wife had intentionally concealed her employment from her former husband. We did recognize, however, the discretion of the trial court in these determinations.
In the case before us, appellant was well aware of Mrs. Owens' employment. His rule was filed within thirty days after her new employment. The record shows that in July of 1984 Mrs. Owens completed her studies at Tulane University and moved to North Carolina to accept a banking position with a salary of $28,000.00 per year. Mr. Owens resides in Colorado. Subsequent to the filing of the rule to terminate, both parties sought and were granted numerous continuances so as to accommodate their employment schedules, and to assure that their matter would be actually tried when they travelled to Louisiana.
The record also shows that appellant unilaterally stopped alimony payments, and reduced his child support payments beginning July of 1984 despite the fact that his financial circumstances had improved since *323 the original judgment. In Mathews v. Mathews, 415 So.2d 234 (La.App. 2nd Cir. 1982), the court held that defendant was liable for arrearages, as well as attorney fees and interest, where he unilaterally terminated support payments. See also, Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983), where the court disallowed a unilateral reduction of child support under the provisions of La.R.S. 9:310.
The record is also clear that, even though child support is $1,175.00 per month, both parties agree that the actual expenses are higher. Mr. Owens estimates expenses at $1,896.00 per month, and Mrs. Owens estimates at $3,000.00 per month. Considering these various factors, i.e., the numerous continuances requested by both parties, Mr. Owens' unilateral termination of alimony and reduction of child support, and the apparent agreement of both parties that the children's expenses are greater than the actual $1,175.00 paid, we find no abuse of the trial court's discretion in terminating alimony as of the date of the judgment.
Appellant argues that the trial court abused its discretion by continuing in effect the provisions of the February 18, 1983 judgment which ordered him to pay tuition at named private schools in New Orleans because the children no longer attend those schools and live in North Carolina. The judgment at issue in this appeal (July 5, 1985), states in part:
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mr. Owens shall pay the necessary fees for private schools."
It is well recognized that children of divorced parents are entitled to support sufficient to maintain them on a basis commensurate with the family standard of living enjoyed before the marriage was terminated. Baham v. Baham, 456 So.2d 1032 (La.App. 5th Cir.1984); Clynes v. Clynes, 450 So.2d 372 (La.App. 4th Cir.1983). Although the children are not now attending private schools, it is clear that while they were living in New Orleans, and particularly on February 18, 1983 (the date of the original judgment) that attendance at private schools was part of their lifestyle. The record reveals that, at least part of the reason why they did not attend private schools in North Carolina, was Mr. Owens' refusal to pay their tuition. We find no abuse of discretion in the trial court's determination to continue that provision of the earlier judgment. Should private school tuition become a factor in the future financial ability of appellant to meet his obligations, he can always seek a reduction. See, Morice v. Morice, 447 So.2d 1248 (La. App. 4th Cir.1984).
Finally appellant argues that the trial court erred in failing to reduce his child support obligations given his former wife's new employment, and the fact that the children are physically in his custody during the summer.
"The amount of child support is determined by evaluating the wants and needs of the child in relation to the means of the parent condemned to pay support. La.C.C. Art. 227 and 231. When arriving at an appropriate figure for child support the court `must consider the totality of all pertinent circumstances." Stagg v. Stagg, 436 So.2d 1202, 1205 (La.App. 4th Cir.1983). It is well settled that in order to obtain an increase or decrease in child support the claimant must show a substantial change in circumstances. Ducote v. Ducote, 339 So.2d 835 (La.1976).
The "change in circumstances" which appellant argues in this case is the fact that his former wife is now employed earning a gross salary of $28,500.00. The record reveals that in May of 1984 when appellant sought a reduction in child support, but was denied, his gross salary was $48,000.00. At the hearing on the present rule, he testified his gross annual income is $54,145.00, his disposable monthly income being $3,108.40. Appellee, on the other hand has income of $28,000.00 (gross) in salary, plus approximately $9,000.00 from other sources. Her monthly disposable earnings are approximately $2,500.00. As we previously stated both parties agree *324 that the actual expenses of rearing the children are higher than the $1,175.00 per month currently being paid. Appellant's alimony obligation has been terminated because of Mrs. Owens' new employment. We see no abuse of discretion in the trial court's failure to reduce the child support under the circumstances of this case. When both parents are employed courts should look at their comparative salaries and responsibilities, and should recognize that the day to day maintenance provided by the custodial parent is a substantial contribution to support. Dufrene v. Dufrene, 430 So.2d 759 (La.App. 5th Cir.1983).
We also reject appellant's argument that child support should be reduced during the summer months when the children are in his physical custody. The trial court accepted Mrs. Owens' contention that the budgeted needs of the children were based on those periods while the children were actually residing with her. The monthly amount was averaged over a 12 month period. This does not lessen the amount actually required. An award of child support is within the sole discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Guice v. Guice, 411 So.2d 663 (La.App. 4th Cir.1982).
AFFIRMED.