CHEHARDY, Chief Judge.
Plaintiff-in-rule, Lucien E. Weller, III, appeals a judgment decreasing the amount of child support he pays his former wife from $600 per month to $475 per month and finding him in arrears for child support payments in the amount of $3,025.
Brenda Haydel Weller and Lucien E. Weller, III, were divorced on November 14, 1983, at which time she was given custody of the couple’s three minor children (Lucien E. Weller, IV, Shane M. Weller and Jamie A. Weller) and Mr. Weller was ordered to pay the sum of $700 per month in child support.
Upon the attainment of the age of majority by Lucien E. Weller, IV, in 1985, Mr. Weller was granted a reduction in his support obligation to $600 per month.
On April 9, 1987, Lucien E. Weller, III, filed a rule seeking judicial recognition of an alleged verbal agreement between him and Brenda Weller reducing the monthly support payments to $300 per month and a further reduction of the monthly sum to $250. Brenda Weller responded initially by filing a rule for contempt and to make executory support alleged to be past due. Subsequently, she filed a rule to increase child support.
All matters came before the court on August 28, 1987. The trial, however, was not completed until January 8, 1988. In the judgment the court stated, “Lucien E. Weller, III, without asking [for] a reduction by Court Order reduced child support payments to his former wife effective February 1987 from $600.00 to $300.00 per month.” The court, finding a reduction of child support inappropriate from February, 1987 through August 28, 1987, held Lucien E. Weller, III, to be in arrears in the amount of $2,100 for that period. However, the court granted a permanent reduction of child support from $600 per month to $475 per month, effective August 1987. The court also found Mr. Weller to be in arrears for an additional $625 of child support for the period of August 1987 through January 1988. Further, he was ordered to pay the sum of $300 for plaintiff’s attorney’s fees incurred on August 28, 1987.
*483 On appeal, Mr. Weller contends the trial court erred in failing to make the reduction of child support retroactive to April 9,1987, the date on which the motion to reduce was filed; in failing to further reduce his obligation of support; and in hearing evidence concerning the income of his present wife.
An award of child support and its effective date are within the sole discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. See, e.g., Guice v. Guice, 411 So.2d 663 (La.App. 4 Cir.1982); Owens v. Owens, 489 So.2d 321 (La.App. 4 Cir.1986).
LSA-R.S. 9:311(A) states,
“An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.”
LSA-R.S. 9:310 provides, in pertinent part,
“A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
* * * * * *
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.”
The record reflects that at the time the child support was set at $600 per month, Lucien E. Weller, III, was earning $42,-351.36 annually. After the loss of his job in January 1987 he began collecting $820 per month in unemployment compensation benefits. Except for a six-week period during which he worked, Mr. Weller continued collecting unemployment benefits until he obtained his present employment, at which he earns $920 per month after taxes. Appellant is remarried. He and his present wife, Sandra Weller, have entered into a prenuptial agreement renouncing the community property system. The record further reflects that he and his present wife live with her minor child from a previous marriage. Mr. Weller testified that he pays one-half of the expenses of the home in which the three reside. These expenses include $125 per month for the mortgage note and $150 per month for food costs.
Brenda Weller testified that recently she has obtained employment through which she earns $1,165 per month after taxes. Her monthly expenses are $1,411.18. This figure includes a mortgage note of $540 per month and $130 per month in parking expenses (her job is located in downtown New Orleans).
Under these circumstances and considering Mr. Weller’s unilateral reduction of the child support, we cannot say the $125 per month decrease in the support of the two minor children or the court’s refusal to make the reduction retroactive constitute an abuse of the trial court’s discretion.
Appellant further argues the trial court abused its discretion to the extent it considered the income of his present wife, Sandra Weller. We find it unnecessary to determine whether such evidence was properly admitted, as the judgment of the trial court is well-supported by the record excluding that evidence.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.