579 So.2d 503 (1991)
Sharon MATHERS
v.
Richard L. MATHERS.
No. 90-CA 0997.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
*504 Brenda W. Waltzer, New Orleans, for appellant.
John J. Jackson, III, Jackson and Stovall, New Orleans, for appellee.
Before KLEES, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
Richard L. Mathers appeals from a judgment of the trial court which denied his motion to reduce child support. We affirm.

Facts
Richard Mathers and Sharon Hayes Mathers were married on October 17, 1979. One child was born of this marriage, Richard Hayes Mathers, who was approximately nine years old at the time of trial. The parties subsequently separated, and a rule for custody of the minor child and for child support was held on September 16, 1988. On October 5, 1988, the trial court rendered judgment awarding joint custody of the child to both parents, designating Mrs. Mathers as the domiciliary parent. The judgment further ordered that Richard Mathers pay child support to Mrs. Mathers in the amount of $600.00 per month.
Thereafter, on October 17, 1989, Mr. Mathers filed a Rule to Reduce Child Support, alleging that there had been a change in circumstances since the original decree. Mrs. Mathers also filed a Rule to Increase Child Support at this time. On December 13, 1989, the trial court rendered judgment dismissing the rules of both Mr. Mathers and Mrs. Mathers. The court found that Mr. Mathers had failed to show a change in circumstances since the former judgment was issued in September, 1988. It is from this judgment that Mr. Mathers now appeals.
The modification of a support award is governed by La.R.S. 9:311 which provides in part:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
*505 This article places the burden on the party seeking the reduction to prove a change in circumstances of either party since the time of the previous award. Further, this court in Kaye v. Kaye, 558 So.2d 1352, 1354 (La.App. 4th Cir.1990) held that once this burden has been met he is presumed to be entitled to a reduction of support obligations. The burden then shifts to the party opposing the reduction to either disprove the change in circumstances alleged by the obligor or otherwise overcome the presumption that the obligor is entitled to a reduction by proving that the change was caused by the obligor's own actions or by proving other facts mitigating against the reduction.
The modification of an award of child support is within the sole discretion of the trial court and will not be disturbed absent clear abuse of that discretion. Durbin v. Durbin, 424 So.2d 1130, 1132 (La.App. 1st Cir.1982).
In the instant case, Mr. Mathers specified three allegations in support of his rule for reduction. First, he claimed that his income decreased from $2,500.00 per month to $2,000.00 per month since the previous award was made.
However, Mr. Mathers testified at the hearing on the rule that he was employed in 1988 as a portfolio manager and investment strategist, and that his income prior to the September, 1988 judgment was $20,000. He stated that there were no additional earnings for the remainder of that year. He also stated at the hearing that he was currently receiving $2,000.00 per month for a six month period to act as a consultant to his prior employer, and that he earned approximately $18,000 during 1989, although he failed to produce any records to substantiate this amount. Further, the record shows that Mr. Mathers was being reimbursed by his prior employer for certain credit card expenses he incurred although he did not produce any of the statements. Also, Mr. Mathers stated he was seeking a job as a stockbroker at the time of the hearing, which he believed would pay at least $20,000 per year.
Testimony at the hearing indicated that Mr. Mathers earned $125,000.00 in 1985. The trial judge found that Mr. Mathers was capable of earning approximately $30,000 annually, although she believed he was in control of how much he actually earned. Further, the record shows that Mr. Mathers' income during 1988 and 1989 was substantially the same. Based on the evidence presented, we are unable to conclude that the trial court was clearly wrong in finding no change of circumstances in Mr. Mathers' income since the time of the previous award.
Secondly, appellant argues that his increased visitation with the minor child for three days per week constitutes a change in circumstances. Mr. Mathers testified that he generally picks up the child every Saturday and returns him to school on Tuesday morning. He stated that he pays for all of the child's expenses during this time.
However, there is nothing in the record which affirmatively shows that the child's expenses have been reduced because of the increased visitation. Further, Mr. Mathers does not provide evidence of expenditures for the child incurred during this time, and makes no allegations that the present arrangement is a permanent one. We conclude that Mr. Mathers failed to meet his burden to prove a change in circumstances based on this weekend visitation.
Finally, appellant claimed he was entitled to a reduction in his support obligation because of a change in his former wife's circumstances, namely her employment as a bookkeeper with a real estate company. At the hearing on the reduction, Mrs. Mathers admitted that she obtained part-time employment in October, 1988. Further, Mrs. Mathers acknowledged that her bank statements show monthly deposits of $1,500 to $2,000, although she testified that these amounts were loans from family and friends. The bank statements were not introduced into evidence, however, and there is nothing in the record to show the amount of Mrs. Mathers' salary or that her resources had improved since the date of the previous award. Under *506 these circumstances, we find that appellant has failed to meet his burden to prove that employment by his former spouse caused a change in circumstances sufficient to warrant a reduction of his child support obligation.
For the above and foregoing reasons, the judgment of the trial court denying Mr. Mathers' rule to reduce child support is affirmed. All costs of this appeal are taxed against appellant.
AFFIRMED.
PLOTKIN, J., concurs with reasons.
PLOTKIN, Judge, concurs with written reasons:
Although I agree with the majority's affirmation of the trial court's decision denying defendant Richard L. Mathers' motion for reduction of child support, I disagree with its legal analysis concerning the application of the jurisprudence. The majority simply holds that Mr. Mathers "failed to meet his burden to prove that employment by his former spouse caused a change in circumstances sufficient to warrant a reduction of his child support obligation." Thus, I respectfully concur.
Mrs. Sharon Mathers testified at trial on the rule that she had been working part-time as a secretary at a real estate firm since October of 1988, the month after the original child support award. Certainly Mr. Mathers proved that Mrs. Mathers' circumstances had changed, since she was unemployed at the time of the original hearing. Ordinarily, proof that the former spouse has gained employment might be sufficient to prove a change in circumstance and justify a reduction of child support under the provisions of LSA-R.S. 9:311.
Previous jurisprudence has established that when one spouse's financial obligation to a child has been set by the court at less than one-half of the "allowable needs," a court "cannot place any further burden on the mother to assume the father's financial duties." Micheu v. Micheu, 440 So.2d 240, 243 (La.App. 5th Cir.1983). In Micheu, as in the instant case, the court refused to grant the father's request for a decrease in child support "regardless of Mrs. Micheu's augmented salary."
Additionally, in Owens v. Owens, 489 So.2d 321 (La.App. 4th Cir.1986), this court denied a former husband's request for a decrease in child support based on a change in circumstances because the former wife had gained employment earning a gross salary of $28,500. "When both parents are employed courts should look at their comparative salaries and responsibilities, and should recognize that the day to day maintenance provided by the custodial parent is a substantial contribution to support," the court said. Id. at 324.
Thus, the fact that the mother in the instant case has gained employment since the child support award was originally established is insufficient to establish a "change in circumstances" which entitles the father to a decrease in his child support obligation. The fact that the mother now has a salary does not change the father's obligation to provide half of the child's support. Additionally, the trial court could properly consider the fact that the mother, as the custodial parent, has the responsibility to provide day to day maintenance to the child. Therefore, the majority was correct in concluding that the trial court did not abuse its discretion in denying the motion for reduction of child support.