MARVIN, Chief Judge.
In this action to modify custody and child support, after having consented to a 1991 judgment awarding the father sole custody and $225 monthly child support, the mother appeals, complaining that the child support should not have been awarded retroactive to the date the father sought the modification 17 months before the judgment was pronounced. LRS 9:310.
The mother also complains that the trial court failed to credit her with the monetary support she provided the child while in her joint custody and that the court erroneously “considered” the father’s claim to recoup the $300 monthly child support he continued to pay the mother after he filed his petition to modify. The litigants submitted to the court the issue of retroactivity of the $225 monthly child support while attempting to “reserve” whether the father could recoup the $300 monthly child support he *238 paid the mother during the pendency of the modification action.
Because of the reservation by the litigants, the trial court did not specifically rule on the recoupment demand by the father, but said that the retroactivity of the award against the mother and the father’s recoupment award were “tied together,” when decreeing that the award against the mother would be retroactive.
Finding no error or abuse of discretion, we affirm the judgment.
FACTS
The 16-year-old child in question is the youngest of three daughters born of the marriage of the litigants which was dissolved by a 1987 divorce after a 1983 separation. The older daughters reached maturity before the father sought the modification with respect to the youngest. In the 1989 and the 1990 school years, she attended a boarding school in Virginia at the father’s expense (almost $900 per month). During those years the father continued to pay to the mother $300 monthly child support under the earlier court order.
THE MOTHER'S EXPENDITURES
The mother contends that she spent more than $3,600 on the daughter during those school years and that she should have been credited with all of her expenditures against the retroactive support award against her. Although the daughter confirmed that the mother incurred the costs of boarding a horse, clothing for the daughter, long distance phone calls, and a trip to Virginia, the record does not show what specific amounts the mother expended for the daughter's support during this period.
The mother admitted on cross-examination that she actually owned the horse she boarded and the daughter sometimes rode, and that if the boarding expense was not considered, she did not spend more than the $3,600 child support paid to her by the father. The court noted that the mother spent more money supporting the horse than supporting the daughter.
LRS 9:310 provides in part,
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
Because the record does not indicate that the mother spent more than the $3,600 child support paid to her by the father, her complaint that she was not allowed credit for monetary expenditures is without merit.
RETROACTIVITY OF CHILD SUPPORT
The mother contends that because LRS 9:310 pre-supposes that the awardee of child support award had legal custody of the child, and that the father did not have custody here, good cause existed for not making the child support award retroactive.
The trial court specifically found that neither parent had “de facto custody” and that the child resided at the boarding school at the father’s basic expense.
LRS 9:310 provides,
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
* * * * * *
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
LRS 9:310 mandates that an award for child support or alimony be retroactive to the filing date of the petition unless the court finds good cause for not making the award retroactive. Key v. Willard, 488 So.2d 1147 (La.App.2d Cir.1986); Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir.1988). The burden is on the obligor spouse to show good cause for not making the award retroactive. Broussard, supra.
*239 The circumstances here, which we have summarized, are different from those in Owens v. Owens, 489 So.2d 321 (La.App. 4th Cir.1986). There, the parents in an alimony and child support dispute requested numerous continuances, the obligor spouse unilaterally terminated his alimony obligation and reduced his child support obligation, and the parents agreed that the children’s expenses were greater than the child support awarded. Owens held the trial court did not abuse its discretion in terminating alimony as of the date of the judgment, rather than the date the petition was filed.
We conclude the trial court’s finding that the mother did not establish good cause necessary to bar retroactivity is not clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
THE “RESERVED” RECOUPMENT
Notwithstanding the reservation by the litigants, the trial court considered the father’s payment of the $300 monthly child support after he sought modification insofar as those payments reflected on the issue of whether the child support award against the mother should be retroactive to the time the petition was filed. The trial court noted, and we think correctly, that the retroactivity of the child support owed by the mother and any recoupment of child support paid by the father during the pen-dency of the modification proceedings were “tied together.”
The mother contends that her position was prejudiced by consideration of the issue because she did not have an opportunity to prepare for and present evidence on the recoupment issue. Although the trial court stated that the parties were not foreclosed from later trying the recoupment claim, the effect of the court’s remarks and the result contemplated below is that the mother retains the $300 per month the father paid and is obligated, retroactively, for $225 monthly child support. While not a formal decree, this reasoning, obviously in the mother’s ultimate favor, should effectively preclude further litigation between the parents on the recoupment issue. We find no prejudice to the mother in this respect.
DECREE
At the mother’s cost, the judgment is AFFIRMED.