Dear Representative Romero:
You requested an opinion of this office on the laws currently in effect that would subject teachers to the same penalty as students for the same violations. To provide further context to this issue, you have attached a complaint from a parent who alleges that certain school staff and teachers have disciplined her child without adequate basis. The parent further requests that you initiate legislation or other measures to impose consequences for unfair or groundless disciplining of students by school employees and officials, such as: rules and regulations applicable to school employees and officials that are identical to or stricter than those governing student conduct; suspensions without pay for two (2) days longer than that provided for students for the same conduct;[1] mandatory apologies to parents and students for wrongdoing; immediate suspension and/or termination for falsification of records or false accusations against students; and accountability rules for supervisors and school board members for failure to enforce rules against employees and officials.
Given the fundamental difference between the role of teachers, and other school personnel on the one hand and students on the other, there are no penalty provisions currently in effect that apply to both teachers and students or would subject both classes to identical penalties. Louisiana law, not unlike laws of other states, starts with the presumption that teachers possess the authority to discipline students, and that such authority is not reciprocal. La. R.S. 17:416 mandates teachers to "hold every pupil to a strict accountability for any disorderly conduct [. . .]" and authorizes teachers to "take disciplinary action to correct a pupil [. . .]."
However, the absence of identical penalties for students and school personnel does not mean that teacher misconduct is without consequences. There are various statutes, discussed below, that impose penalties on teachers and other personnel or administrators for unreasonable conduct (including unfair or unwarranted disciplining of students).
La. R.S. 17:441 et seq. ("Teacher Tenure Laws") provides for disciplinary actions including demotions and dismissals against school teachers and personnel, both probationary and tenured.[2] During the three-year probationary period, a school board may dismiss a probationary teacher if valid reasons are provided and upon the written recommendation of the superintendent. See La. R.S. 17:442. A tenured teacher may be dismissed or disciplined for incompetency, willful neglect of duty, dishonesty, immorality, etc., pursuant to specific procedures under applicable statutes. See La. R.S. 17:443. The penalties provided for in the Teacher Tenure Laws have been applied by school boards to improper disciplining of students. See Sylvester v.Cancienne, 95 0789 (La.App. 1 Cir. 11/9/95), 664 So.2d 1259, where a tenured principal was demoted to a classroom teacher position for excessive and unreasonable punishment of a student. Thus, teachers who engage in unfair or unwarranted disciplining of students are themselves subject to discipline and/or dismissal.
Proper dismissal of a tenured teacher for willful neglect of duty requires that the teacher had some knowledge that his action was contrary to school policy. In order to be classified as willful neglect, the action by the teacher must be a deliberate action on the part of the teacher to avoid or fail to perform a duty of his position. SeeColeman v. Orleans Parish School Board, 93-0916, 94-0737 (La.App. 4 Cir. 2/4/97), 688 So.2d 1312. Examples of willful neglect of duty include: failure to comply with instructions or regulations, seeGaulden v. Lincoln Parish School Board, 554 So.2d 152 (La.App. 2 Cir. 1989) and Blanchet v. Vermilion Parish School Board, 220 So.2d 534
(La.App. 3 Cir. 1969); mismanagement of funds, see Marcotte v. AvoyellesParish School Board, 512 So.2d 538, (La.App. 3 Cir. 1987); and leaving students unattended in direct circumvention of the principal's orders, see Meyers v. Sabine Parish School Board, 499 So.2d 690(La.App. 3 Cir. 1986). An example of conduct constituting dishonesty and willful neglect of duty is a school principal's possession of marijuana with the intent to distribute. See Summers v. Vermillion Parish School Board,493 So.2d 1258 (La.App. 3 Cir. 1986). An example of incompetent behavior is lax, indifferent, and inefficient performance and failure to maintain order in the classroom. See Singleton v. Iberville, 136 So.2d 808
(La.App. 1 Cir. 1961). Any conviction of a felony offense affecting the public morals enumerated in Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 constitutes immorality. See La. R.S.17:443(C).
In conclusion, there are no laws currently in effect that apply to both students and teachers or would subject both classes to identical penalties. However, as explained above, the Louisiana Legislature has provided for penalties for improper conduct on the part of teachers and other school personnel as well as procedures relating to such penalties. Courts have interpreted such improper conduct to include unfair, unreasonable and/or unwarranted punishment of students.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 Uma M. Subramanian Assistant Attorney General
[1] It is unclear what types of offenses would be common to both students and teachers in the context of school activities, where students and teachers have different roles, obligations, and expected conduct. Neither your request nor the attached letter from the parent gives examples of similar or same offenses that both students and school officials could commit in the course of normal school activities.
[2] Dismissal and discipline of teachers employed in special schools and the Special School District are governed by La. R.S. 17:43 etseq., which largely mirror the Teacher Tenure Laws. Thus teachers in all public schools are subject to dismissal and discipline for improper conduct.